T. L. GRIGSBY v. PETER BURTNETT AND THOS. H. THOMPSON, SUPERVISORS OF NAPA COUNTY, WILLIAM MONTGOMERY, ROAD MASTER OF DISTRICT NO. 1, AND T. S. SCRIBNER.

ENJOINING A TRESPASS.—Courts of equity may restrain the commission of a trespass about to be committed by taking down fences and opening a road through the plaintiff's land in pursuance of an order of the Board of Supervisors prematurely made.

DAMAGES FOR LAYING OUT ROAD.—The award of the Road Viewers for damages sustained by a person for laying out a road across his land is not conclusive. The applicant may, after the award and tender of the money awarded, commence suit against the county in the District Court for his damages.

WHEN ROAD MAY BE OPENED.—If an applicant for damages for laying out a road refuses to accept the sum awarded him by the Road Viewers, and commences suit in the District Court, the public do not acquire a right of way until the damages are ascertained in the suit, and a final judgment is rendered thereon, and the damages are paid or provided to be paid.

OPENING HIGHWAY.—Until the question is finally settled as to the amount of damages a person is entitled to for opening a road over his land, and the money is paid or provided to be paid, neither the Supervisors nor the Road Master can remove the fences or open the road.

TENDER OF DAMAGES FOR OPENING ROAD.—The tender of the money awarded by the Road Viewers to an applicant for damages for opening a road, does not give a right to open the road if the applicant sues to recover his damages.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*J. J. Tucker*, for Appellant, argued that the whole question of damages was still before the Court, and that the award of the Road Viewers and the determination of the Board of Supervisors and the tender of the money were not a final settlement, because the plaintiff's damages were to be determined in the action pending in the District Court. He contended that the whole proceeding, from the beginning until a final judgment had been rendered in the action for damages in the District Court were intended to constitute a system for condemning private property, and that the public could not open the road until the last step had been taken, and the money paid or provided.

*W. W. Pendegast*, for Respondents, argued that the appellant, by attempting to agree with the Board of Supervisors as to the amount of his damages, became a party to the proceedings for the location of the road; and cited *Harper* v. *Richardson*, 22 Cal. 251; and that the action brought in the District Court for damages, proceeded upon the idea that plaintiff's land had been already taken by the county and condemned, and having been so condemned, the county had a right to use it and the officers open it.

By the Court, CURREY, C. J.:

The object of this action was to obtain a decree of the Court annulling and setting aside certain orders made by the Board of Supervisors of Napa County, declaring a road, laid out over the land of the plaintiff, a public highway, and directing the Road Master to open the same; and to restrain the defendants and all persons acting under them from opening said road and from removing plaintiff's fences for that purpose.

An application was made by the requisite number of citizens of the county for the location of a highway, which in its course passed through the plaintiff's land. In due time and in due form the plaintiff made application for damages, in the sum of one thousand dollars, which he would sustain in consequence of the location of the road upon his land. Road Viewers were thereupon appointed by the Board of Supervisors, as required by the statute, (Laws 1861, p. 389,) who reported, among other things, in favor of laying out the contemplated highway, and the damages which the plaintiff would sustain thereby to be four hundred and fifty dollars. The plaintiff expressed himself dissatisfied with this award of damages, and, instead of the sum reported by the Viewers, demanded one thousand dollars. He and the Board of Supervisors were unable to agree as to the amount of damages which he should receive. After this the Board accepted the report of the Viewers, and declared the road, as laid out and

surveyed by them, a public highway, and ordered that four
hundred and fifty dollars be paid to the plaintiff from the
General Road Fund, and that the Road Master of the proper
district open the road, etc. Within ten days thereafter the
plaintiff commenced an action against the county by name for
the damages which he had insisted he should be paid, and
that action was pending in the District Court, undetermined
when this action was commenced.

The defendants by answer pleaded a tender, before this suit
was brought, to the plaintiff of the four hundred and fifty dol-
lars awarded. Upon the trial of the issue joined the Court
decided that the road described in the complaint was declared
a public highway by the Board of Supervisors of Napa County
in February, 1866, and that the plaintiff had been awarded by
the Board the sum of four hundred and fifty dollars, as damages
consequent upon the establishment of said road, and that that
sum in United States gold coin had been tendered to the
plaintiff prior to the commencement of this suit, and that the
plaintiff was not entitled to the relief sought by him or to any
relief whatever, and therefore the complaint was dismissed.
The plaintiff made an application for a new trial, which was
denied.

The ground upon which the equity jurisdiction of the Court
was sought to restrain the commission of the trespass threat-
ened, was that by removing the fences the plaintiff's crops of
grain and grass and his orchard and vineyard upon the land,
which were of great value, would be destroyed, and the plain-
tiff alleged that the person who was proceeding to remove the
plaintiff's fences, under the authority of the order of the Board
of Supervisors, was utterly insolvent and unable to respond in
damages for the injuries which the plaintiff would sustain.
There is no question raised in respect to the case falling prop-
erly within the equitable cognizance of the Court.

The statute provides that the Road Viewers shall report the
amount of damages sustained by an applicant for damages, but
the award of the Viewers when made by them and adopted
by the Board of Supervisors is not conclusive of the subject,

because the same statute provides that if any person claiming damages in such case shall be dissatisfied with the award of the Viewers, and cannot agree with the Board of Supervisors as to the amount of damages sustained, and shall refuse to receive the damages awarded by the Viewers, such person may within the time prescribed commence an action against the county by name for such damages. The object of such action is to ascertain the damages to which the plaintiff may be entitled; and which, when ascertained by the verdict of a jury and a judgment final thereon, are the damages which must be paid him or properly provided to be paid him, before any right of way over the land can be acquired by the public. In this case the action brought by the plaintiff against the county was still pending when the defendants, the Road Master and his employé were proceeding professedly under the order of the Board of Supervisors to remove the plaintiff's fences and open the road over his land. Until the question is settled as to the amount of damages to which the plaintiff is entitled, the defendants have no right to remove plaintiff's fence, nor to open a highway through his land. (Hitt. Laws 6,530.)

The question of the tender of four hundred and fifty dollars, if it were admitted to have been well made, is wholly unimportant in the present condition of the case, inasmuch as it was not ascertained at the time the money was offered, that it was the amount properly due the plaintiff. The plaintiff, we hold, is entitled to judgment on the pleadings.

The judgment is reversed and the Court below is directed to enter judgment in favor of the plaintiff in accordance with this opinion.