[No. 3,048.]

## MARTIN MURPHY *v.* EDWIN DE GROOT.

TAKING LAND FOR PUBLIC USE, FOR HIGHWAY.—When the Act for con-
demning land for a public highway, requires the money allowed to a land
owner for damages, to be set apart in the treasury by the Supervisors for
the owner, the land is not taken for public use until it is so set apart; and
an order of the Supervisors awarding the damages allowed, payable from
the Current Expense Fund of the county, is not a taking of the land for
public use, and a tender to the land owner, of the damages allowed, made
after such order, is of no avail.

IDEM—STATUTE TO BE STRICTLY PURSUED.—A Roadmaster has no right
to open a public highway over private land until all the provisions of the
statute under which he is proceeding have been strictly complied with.

APPEAL from the District Court of the Third Judicial Dis-
trict, Santa Clara County.

The defendant in his answer admits his intention to do
the acts alleged in the complaint, and sets up as a justifi-
cation certain proceedings of the Board of Supervisors of
the county for the purpose of opening a public road
through the lands of the plaintiff, and a notification to him,
as Roadmaster of the district, to proceed to open the same.
On the 3d of September, 1870, after this action had been
commenced, the Board of Supervisors ordered a warrant to
be drawn in favor of the District Attorney, for the amount
of damages allowed the plaintiff, and that the amount be
paid or tendered the plaintiff. The warrant was drawn,
and the District Attorney caused the amount of it in gold
and silver to be tendered to the plaintiff, who refused it.
The answer alleges that the defendant is still ready and
willing to pay the amount.

The defendant had judgment, and the plaintiff appealed.
The other facts are stated in the opinion.

*D. M. Delmas,* for appellant, cited *Damrell* v. *Supervisors
of San Joaquin County,* 40 Cal. 154.

*L. Archer, William M. Lovell,* and *Charles D. Wright,* for Respondents.

By the Court, BELCHER, J.:

On the 6th of July, 1870, the Board of Supervisors made an order, adopting the report of the Road Viewers, and awarding damages to the plaintiff in the following words: "Damages to the amount of two hundred and sixty-three dollars and twenty cents are hereby awarded to Martin Murphy, payable from the Current Expense Fund of said county."

Two days thereafter this action was commenced to restrain the defendant, as Roadmaster, from proceeding to open the proposed road across the land of the plaintiff.

Section nine of the Act concerning roads and highways in Santa Clara County (Stats. 1865–6, p. 553), is as follows: "Upon the report of the Road Viewers being filed as above provided for, the Board of Supervisors shall order the amount of damages sustained by each and every person owning or claiming said lands, to be set apart in the treasury, to be paid to the proper owner or claimant. * * * From the time of setting apart of the amount as above provided, said lands shall be deemed to be taken up for public use."

The order awarding damages to the plaintiff was not a setting apart for him in the treasury of the amount of money named. It does not appear whether there was money in the Fund on which the order was made or not; but if there was, notwithstanding this order, the whole amount might have been immediately drawn out by other orders. At most the order to the plaintiff only entitled him to a warrant upon the Current Expense Fund, which, upon presentation, would be paid if there was at the time money in the Fund to pay it. This was not a compliance with either the letter

or spirit of the law, and the plaintiff's land was not thereafter " deemed to be taken for public use."

Nor was the tender made by the defendant to the plaintiff in September of the amount awarded as damages of any avail. No authority is found in the statute for such a tender. If the public needed the plaintiff's land for a road there was a plain, speedy, and easy method provided by which it might be taken. That method, however, could not be departed from and a new one substituted in its place.

Until all the provisions of the statute were strictly complied with the defendant had no right to open the proposed road over the land of the plaintiff.

Judgment reversed and cause remanded.