[No. 3,643.]

## THOMAS BRADY v. R. BRONSON, SAMUEL BRECK, J. W. HOWARD, AND JOHN CALLENDER.

RIGHT OF WAY FOR A ROAD.—A right of way over private lands for a road does not vest in the public until the land owner has been paid or tendered the damages awarded or adjudged to him for the land taken. The recovery by the land owner of a judgment for his damages does not authorize the public to remove his fences and open the road.

PROOF OF SEVERAL TRESPASSES IN SAME ACTION.—The plaintiff, in an action *quare clausum fregit*, may prove several distinct trespasses committed at various times, if in his complaint he alleges the time of one trespass and that others were afterwards committed.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The action brought by Brady to recover his damages was against the County of Solano, and he recovered judgment therein for seven hundred and thirty-three dollars, on the 24th day of September, 1867. The present action was commenced on the 10th day of August, 1871. No appeal had been taken from the judgment recovered by Brady, and the time for an appeal had expired.

The complaint in this suit averred that the defendants

threw down the fence and entered plaintiff's premises, on the 16th day of February, 1870, and repeatedly continued to do so up to the commencement of the action.

The defendants answered, that they took down the fence, on the 16th of February, 1870, for the purpose of removing an obstruction from the public highway, and that defendant Bronson was Roadmaster. The answer then set up the proceedings for condemning the land and the judgment recovered for damages.

On the trial the plaintiff was permitted to prove that defendants removed the fences in February, 1870, and again in March, 1870, and that they were closed in October, 1870, and were again removed in April, 1871.

The plaintiff recovered judgment against defendant Bronson, and he appealed.

The other facts are stated in the opinion.

*George A. Lamont,* for Appellant.

The Court below gave judgment against the appellant on the ground that no payment or tender of payment of the judgment recovered in the case of *Brady & Co.* v. *Solano County* had ever been made. This we believe to be error.

When the time for appeal in that case expired the judgment became final and an audited claim against the county, as this Court say in *Alden* v. *County of Alameda*, 43 Cal. 270. The Board of Supervisors would have no discretion but to allow the same when presented; and this presentation, we claim, must be made by the judgment creditor. No officer of the county is given by law any authority or control over the judgment; none has the authority to present it to the Board for allowance, nor to draw or tender the warrant. The party recovering alone has control over the same. Can he then be heard to say, after he has persistently

CAL. REPS. XLV—81

refused to exercise the simple means prescribed to recover his judgment, that he has not been compensated, and thus defeat the opening up of the highway? We think not. (*Alden* v. *Alameda County,* 43 Cal. 270.)

The complaint in this case alleges only one trespass; but the Court, under this complaint and against the objection of defendant, permitted plaintiff to prove several independent trespasses. This was error, for the *continuendo* being void only one trespass could be proven under the complaint. (Gould on Pleading, Chap. 3, Secs. 86 to 92; Pr. Act, Sec. 64.)

*William S. Wells,* for Respondent.

It was the duty of the appellant to have paid or tendered the compensation determined by the judgment. (*Grigsby* v. *Burtnell,* 31 Cal. 406; Law of 1861, Secs. 6, 7, 10; Hittell, Art. 6526, etc.; *Damrell* v. *San Joaquin R. R. Co.,* 40 Cal. 154; *Emeric* v. *Gilman,* 10 Cal. 404; Act concerning Supervisors, March 20th, 1855, Sec. 24; Hittell, 6993.)

The second point is answered by the simple fact that no demurrer was interposed, and no objection taken by way of answer. (Practice Act, Secs. 40 to 44; *Marius* v. *Bicknell,* 10 Cal. 217; *Jacks* v. *Cooke,* 6 Cal. 164.)

By the COURT:

Proceedings had been instituted to acquire the right of way for a public road, over the land on which the alleged trespasses were committed. The plaintiff in this action, being dissatisfied with the amount awarded to him as damages, brought an action and recovered a judgment for an amount larger than that which had been awarded to him, but his judgment had not been presented to the Board of Supervisors for allowance, and that amount had not been paid or tendered to him, nor had that sum been set apart in the treasury for him, when this action was commenced.

This action was brought against the Roadmaster and others for removing the fences, etc., from the land of the plaintiff on the line of the proposed road. It has repeatedly been held, and it is the settled doctrine of this Court, that the right of way for a public highway cannot be acquired over the land of a private person, by proceedings instituted under the statute for that purpose, where such person does not consent to the taking, or does not waive his claim for damages for such taking, except upon the payment or tender of such damages. The setting apart of that sum in the treasury for the land owner is, in certain cases, regarded as a sufficient tender. The rule is imperative, that the right of way will not vest in the public, until payment or tender to the land owner of the amount awarded or adjudged for his damages. (*Murphy* v. *De Groot*, 44 Cal. 51; *Grigsby* v. *Burnett*, 31 Cal. 406; *Curran* v. *Shattuck*, 24 Cal. 427; *Fox* v. *W. P. R. R.*, 31 Cal. 538.)

The plaintiff was entitled, under the allegations of his complaint, to introduce evidence of distinct acts of trespass committed by the defendants in removing his fence.

Judgment and order affirmed.