## WEISS *v.* JACKSON COUNTY.

INJUNCTION—TRESPASS—PUPLIC OFFICERS—PRACTICE.

It is not in ordinary but in peculiar cases, where the mischief sought to be prevented would be irremediable, and for which damages could not compensate, or would reach to the very substance and value of the estate and go to its destruction in the character in which it was enjoyed, that an injunction will be granted to prevent it.

Before a court of equity will grant an injunction to restrain a mere trespass, the facts and circumstances alleged must be such from which it may be seen that irreparable injury will be the result of the acts complained of, and the law can afford the party no adequate remedy.

Courts of equity have jurisdiction to interpose by injunction, where public officers, under a claim of right, *are proceeding* illegally to impair the rights or injure the property of individuals, or to prevent a multiplicity of suits.

Section 871, Oregon civil code, requires all actions, suits or proceedings by or against a county, to be brought in the name of such county.

APPEAL from Douglas.    The facts are stated in the opinion.

*B. F. Dowell*, for appellant.

*R. S. Strahan*, for respondent.

By the Court, LORD, C. J.:

This is a suit in equity for an injunction.    It comes to this court upon an appeal from a decree rendered upon the overruling of a demurrer which admits the facts alleged to be true. Of these facts, the only material ones are, for the purpose of this case, that on the 5th day of August, 1870, the board of county commissioners made an order pretending to establish a county road through certain lands of the plaintiff's; that according to the survey said road runs close to the dwelling house of the plaintiff, and cuts off his present front yard, including part of his grapevines and flowers; that said road was only partially opened in 1870, and that no part of the road was opened more than thirty feet, and that his said grapevines and flowers remained unmolested; that afterwards, on the 3d day of April, 1878, the said board of county commissioners, without any petition to establish a public road, ordered the supervisor to remove all obstructions in said road, and to open the same through said tract of land of the complainant; that the supervisor has notified the complainant to remove all obstructions to said road; that the same will be opened sixty feet, to the damage of complainant, and prays that the defendants may be restrained.

The granting of an injunction is an equitable proceeding, and the party seeking this peculiar equitable relief should show that he has a right, under all the circumstances, to this extraordinary writ.    Where a matter is clearly, or *prima facie*, one of legal cognizance, a party must, in order to maintain an equitable action upon it, state facts sufficient to entitle him to equitable relief, and to show that a perfect remedy cannot be obtained at law.    (*Hegwood* v. *City of Buffalo*, 14 N. Y., 543.)

But in respect to trespass, there is no doubt that the ancient

doctrine of courts of equity was not to interfere by injunction, but to leave the party to his legal remedy. (Willard's Eq. Jur., 383.) In the progress of society, however, courts of equity have yielded to the pressure of public necessity, and have accorded a much more liberal and energetic protection or relief by injunction, in cases of destructive damage to property, than was formerly given in cases of an analogous character. All that courts of equity now require when this extraordinary .writ is invoked, is that "a strong case of destruction or irreparable mischief should be presented." It is not, therefore, in ordinary, but in peculiar, cases, where the mischief sought to be prevented would be irremediable, and for which damages could not compensate, or would reach to the very substance and value of the estate, and go to its destruction in the character in which it was enjoyed, that an injunction will be granted to prevent it. (*Jerome* v. *Ross*, 7 Johns. Ch. R., 314; *Trustees Germ. Ev. Cong.* v. *Hesseli, et al.,,* 13 Wis., 348.)

This brings us to enquire whether the facts and circumstances alleged, and assumed to be true by the demurrer, are such from which it may be seen that irreparable injury will be the result of the acts complained of, and that the law can afford the party no adequate remedy. For the court must be satisfied, from a statement of the grievances, that the injury would be irreparable, and it is enough if the court can discover this from the allegation of facts. *Davis* v. *Reed*, 14 Md., 152; Hilliard on Injunctions, sec. 32.)

In cases like the one under consideration, the gravamen, then, of the action must be a threatened trespass, which, unless restrained, will result in irreparable injury. Now it is alleged that the board of county commissioners ordered the supervisor to remove all obstructions and to open the road, but it nowhere appears that in pursuance of such order, he proceeded or threatened to tear down the fences or enclosure, or to dig up or destroy the grapevines or flowers of the complainant, or to do any act, or threatened to do any act, what-

ever to his estate, which would deprive him of a part of the substance of his inheritance, which could not be specifically replaced. From the allegations of the complaint the only step, it seems, that was taken by the supervisor in the premises, was to notify the plaintiff to remove all obstructions upon said road, but it does not appear that in case the plaintiff refused or neglected to comply with the notice, the supervisor would proceed to remove the obstructions, or open the road, or to do, or threatened to do, any act or acts by virtue of such order, or otherwise, which would go to the destruction of his inheritance and produce irremediable mischief. All that appears from the allegation is, that the supervisor was ordered by the board of commissioners to open the road and remove all obstructions, and that he notified the plaintiff to remove the obstructions. It does not appear that a trespass is about to be committed by the supervisor, by taking down fences and opening a road through the land of the complainant under the order of the board of commissioners. (*Wilson* v. *City of Mineral Point*, 39 Wis., 160.)

For the purposes of this case, it was conceded at the argument that the order made by the board of commissioners in 1878, was illegal and void. The allegations in respect to this matter are not sufficiently set out for the court to pass upon that question, nor is it material to the decision of this case. But in admitting the same, the respondents' counsel claimed that nothing had been attempted or threatened to be done under the order, and for aught that appears in the complaint that the suit was nothing more than an attempt to enjoin a trespass that had not been even threatened by the parties. There is no doubt, however, that courts of equity have jurisdiction to interpose by injunction, where public officers, under a claim of right, are proceeding illegally to impair the rights or injure the property of individuals, or where it is necessary to prevent a multiplicity of suits. (*Mohawk and Hudson R. R. Co.* v. *Artcher*, 6 Paige, 88; *Belknap* v. *Belknap*, 2 Johns. Ch. Rep., 463; 6 idem., 497.)

But in all such cases, it will be seen that " the public officers, under a claim of right, are proceeding illegally and improperly " to do some act, or about to commit some trespass upon the land of the party, which will result in irreparable injury unless restrained, where the jurisdiction of equity is interposed. Granting, then, that the order of the board of commissioners was illegal, the facts alleged ought to show that the supervisor, in obedience to such order, was about to commit, or threatened to commit, a trespass, by tearing down the enclosure and digging up the grapevines and flowers, in opening the road through the land of the plaintiff, which if not restrained or prevented would result in the destruction of his estate in the character in which it was enjoyed. In *Grigsby* v. *Burnell*, 31 Cal., 406, it was a trespass about to be committed, by taking down the fence and opening a road through plaintiff's land in pursuance of an order of the board of commissioners prematurely made, that caused the court to take equitable cognizance of the matter. " The road-master and his employes were proceeding professedly under the order of the board of supervisors, to remove plaintiff's fence and to open the road," which is a different case from that presented by the facts under consideration.

It was also conceded by counsel for appellant, that there is no person or body corporate in this state whose name is the board of county commissioners, and that there were no parties defendant except Young. Our code provides, that "all actions, suits or proceedings by or against a county, are in the *name* of such county." (Civil code, section 871.) Nor is it alleged that defendant, Henry G. Young, is supervisor within the jurisdiction of the county commissioners, or anything in respect to his being a duly qualified officer or otherwise, except that he has the word " supervisor " following his name in the caption of the complaint; or that he threatens, intends, or is about to do any injury to the property or rights of the plaintiff.

But aside from this, the reasons are too obvious that the demurrer to the complaint was well taken, and the bill must be dismissed.