ALBERT KAJE vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO.

Argued May 31, 1894.  Affirmed June 11, 1894.

No. 8650.

**Special damages not common to the general public.**

The plaintiff's lot abutted on a public alley, which ran through the block from street to street, and the defendant wrongfully obstructed the alley at a different point in the same block so as to close up one end of the alley, which was too narrow to permit teams drawing vehicles to enter and turn around in it, and for that reason access was largely cut off from the rear of plaintiff's lot, on which he resided, causing him damage. *Held* it sufficiently appears thereby that plaintiff sustained special damage not common to the general public.

**Smoke, dirt, and soot from a lawful business.**

Where such obstruction consisted of a roundhouse and machine shop, which emitted forth smoke, dirt, and soot, *held*, the business itself being lawful, the fact it was carried on partly on this alley did not make it unlawful.

Appeal by defendant, Chicago, St. Paul, Minneapolis and Omaha Railway Company, from an order of the District Court of Ramsey County, *Hascal R. Brill*, J., made November 13, 1893, overruling its demurrer to the complaint.

*S. L. Perrin*, for appellant.

The complaint does not contain sufficient allegations of special damage to the plaintiff to enable him to recover.   *Shaubut* v. *St. Paul & S. C. R. Co.*, 21 Minn. 502; *Simmer* v. *St. Paul*, 23 Minn. 408; *Rochette* v. *Chicago, M. & St. P. Ry. Co.*, 32 Minn. 201; *Barnum* v. *Minnesota T. Ry. Co.*, 33 Minn. 365; *Shero* v. *Carey*, 35 Minn. 423; *Thelan* v. *Farmer*, 36 Minn. 225; *Swanson* v. *Mississippi & R. R. B. Co.*, 42 Minn. 532; *Carroll* v. *Wisconsin C. Co.*, 40 Minn. 168.

*John W. Lane* and *Ambrose Tighe*, for respondent.

The facts set forth in the complaint show a wrong done and imply the existence of a legal remedy.   The alley is so narrow that wagons cannot be turned in it, but as long as it is open through the full extent of the block, it affords a means of access to the rear.   It is the only means of access to the rear of plaintiff's premises.   His lot is but twenty-five feet in width, and it is not possible for him to build a roadway across it from the street back.   The defendant without permission has taken exclusive possession of the west one hundred feet of this alley and permanently occupies it, not with railroad tracks which may be crossed but with a substantial structure of brick and stone completely blocking the way.   *Aldrich* v. *Wetmore*, 52 Minn. 164; 16 Am. & Eng. Encyclopædia of Law, 971.

CANTY, J.   This is an appeal from an order overruling a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff is the owner of a city lot, 25 feet wide, the rear end of which abuts on a public alley, 20 feet wide, running through the block from street to street, and that prior to June 1, 1891, said alley was open for public use throughout its full extent, and was a means of access to plaintiff's lot; that, at said time, defendant erected across the end of said alley a building used as a roundhouse, and machine and repair shops, and has ever since maintained the same, and kept said alley closed; that, for the last three years, plaintiff has occupied his said lot, and resided in his dwelling house thereon, and said acts of defendant have cut off his access to the rear of said lot; that said obstructions completely

cut off access to said alley from one of said streets, and that the alley is so narrow that it does not permit of the turning in it of a vehicle drawn by beasts of burden; that plaintiff was damaged by reason of said acts in a sum named, and demanded judgment.

It appeared by the complaint that the plaintiff's lot fronted on a street, and also that one end of the alley was open, and for this reason it is contended by appellant that it does not appear that plaintiff has sustained any special or peculiar damage not common to the general public.

We are not of that opinion. What constitutes special or peculiar damage, for which the private owner may maintain an action, is not always easy to determine. No general rule for determining it has been laid down which can readily be applied to every case. Where to draw the line between cases where the injury is more general or more equally distributed, and cases where it is not, where, by reason of local situation the damage is comparatively much greater to the special few, is often a difficult task. In spite of all the refinements and distinctions which have been made, it is often a mere matter of degree, and the courts have to draw the line between the more immediate obstruction or peculiar interference, which is a ground for special damage, and the more remote obstruction or interference, which is not. It seems to us that in this case the obstruction is sufficiently immediate, and the interference sufficiently peculiar to plaintiff, to constitute special damage to him.

It can readily be seen that obstructing at one point an alley only 20 feet wide may render it practically useless at all other points in the same block, as it is too narrow to drive in and turn around in it. To say that the abutting owner is not specially damaged by obstructing access to his lot in the rear when he has access to it by a street in the front is much the same as saying that he is not damaged by obstructing the back door to his house when he has a front door. The rear entrance to the lot is generally used for different purposes from the front entrance. Besides, a public alley is generally used more by the abutting owners, and less by the public, than an ordinary street. As held in *Aldrich* v. *Wetmore*, 52 Minn. 164, (53 N. W. 1072,) it is not necessary that access to the street be wholly and completely cut off to cause the abutting owner special damage. We cannot see that the allegation that the roundhouse and other struc-

tures partly on this alley emit smoke, dirt, and soot alleges any element of damage. As far as appears by the complaint, the defendants are carrying on a lawful business, partly on other premises, and we cannot see that the fact that the structures in which the business is carried on are partly on this alley will render this business itself unlawful.

The order appealed from should be affirmed. So ordered.

COLLINS and BUCK, JJ., absent.

(Opinion published 59 N. W. 493.)