[L. A. No. 278.   In Bank.—December 17, 1898.]

## WILLIAM O'CONNOR, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

Injunction—Railroad in Street—Damage to Abutting Owner—Findings—Presumption upon Appeal.—Upon appeal from a judgment in favor of an abutting owner enjoining the construction of a railroad track along the center of the street in front of his premises, compensation not having been made or tendered for the injury to his property, in the absence of the evidence from the record, if, under any conceivable state of facts, the acts specified in the findings might result in the damage to plaintiff's property declared therein, such a state of facts must be assumed to have been shown at the trial.

Id.—Question of Fact—Impairing Use of Street.—The appellate court cannot say as matter of law that the construction of a railroad eight feet in width along the center of a street seventy-two feet in width, exclusive of the sidewalk, under a municipal ordinance permitting such use, so as to leave thirty-one feet of the street on each side of the track for public use, will leave suffi-

cient room to answer all the legitimate uses to which the street might be put by an abutting owner, the court having found as a fact that he would be damaged by such use and occupation of the street by the railroad. The facts found as to such damage entitle the plaintiff to the remedy by injunction.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

John D. Bicknell, Bicknell & Trask, and William F. Herrin, for Appellant.

Tonner & Fleming, and A. W. Hutton, for Respondent.

GAROUTTE, J.—This is an action instituted by O'Connor in the superior court of Los Angeles county to restrain the defendant from constructing its railroad on White avenue, a public street of the city of Pomona. The plaintiff O'Connor is the owner of real property abutting on White avenue, and is the owner of the fee to the center line of the street. It is alleged that the threatened use and occupation of the street by the defendant for the purpose of a steam railroad will irreparably damage plaintiff, and it is further alleged that defendant has not tendered or made any compensation therefor. The defendant, by answer, denies the allegations of the complaint as to the damage, and as an affirmative defense alleges that it has entered upon the street under a franchise granted by the municipality of Pomona.

This case is here upon appeal from the judgment without the evidence, and the only question presented is, Does the judgment find support in the findings of fact? The material findings of fact to be considered are:

1. "That heretofore, towit, on or about the eleventh day of November, 1895, the trustees of the said city of Pomona regularly passed and adopted the ordinance No. 153, a copy of which ordinance is annexed to the defendant's answer herein; that the said ordinance has been duly and regularly assigned by J. A. Muir to the defendant. That, claiming to act under and in pursuance of said ordinance and under the terms thereof, the defendant entered upon said White avenue as aforesaid for the

purpose of constructing its railroad, and was proceeding to lay a single track railroad along the center line of said avenue at the time of the filing of the complaint in this action; that said White avenue is one hundred feet wide; that the center line of said track, as being constructed, is upon the center line of said avenue; that the construction of said railroad was being carried on in the usual and ordinary manner; that the ties and tracks, when laid and completed, would occupy four feet on each side of said center line, but in the laying of said track the said defendant was excavating and would have continued to excavate a trench in and along a large portion of the said street in front of plaintiff's property to a depth of from eighteen inches to two feet and of a width of about ten feet; fourteen feet on each side of said White avenue was and is devoted to and used for the purpose of a sidewalk, leaving about thirty-one feet on each side of the center line of said railroad track for the use of the public as a roadway; the rails of said railroad when constructed would be flush with the established grade of said street."

2. "The occupation and use of said street as threatened by the defendant in the manner mentioned will irreparably injure and damage plaintiff, and will greatly endanger and obstruct the use of plaintiff's premises and greatly lessen its value for a residence, or for any purpose, and if not restrained the defendant will so occupy and use the said street as hereinbefore found, and will, to the extent as heretofore found, prevent the necessary use of a portion of said street in front of plaintiff's premises."

As matter of law, this court cannot say that the facts set out in finding 1, under the conditions there pictured, may not have caused damage to defendant's property, as declared by finding 2. The court has declared that damage did result from the acts done under the conditions described in finding 1, and without the evidence before us it is impossible for this court to gainsay that declaration. The test would seem to be that if under any conceivable state of facts these acts might result in damage to plaintiff's property, then, in the absence of the evidence, such a state of facts must be assumed to have been shown at the trial of the case. By finding 1 plaintiff has the use of thirty-one feet of the street between the railroad track and his lot. Less the sidewalk, and in the absence of the railroad track, he would

have the use of seventy-two feet. As matter of law, the court cannot say that thirty-one feet of this street will answer all the legitimate uses to which it might be put by plaintiff, an abutting owner, any more than it can say that ten feet would be amply sufficient for all his legitimate uses.

In the face of the findings of fact quoted, it becomes unnecessary to review the soundness of the doctrine laid down in the case of *Montgomery v. Santa Ana etc. Ry. Co.*, 104 Cal. 186; 43 Am. St. Rep. 89. We are clear that the facts here disclosed give plaintiff the right of invoking the remedy of injunction.

For the foregoing reasons the judgment is affirmed.    .

Harrison, J., McFarland, J., and Henshaw, J., concurred.

Rehearing denied.