## CARL ANDERSON v. LANDERS-MORRISON-CHRISTENSON COMPANY.[1]

December 4, 1914.

Nos. 18,873—(116).

**Obstruction of public alley — injunction by abutting owner.**
  1. An owner of property abutting upon a public alley may maintain an action to restrain and enjoin an unlawful attempt permanently to obstruct the alley and prevent the free use thereof by such abutting owner.

**Same.**
  2. In such case the abutting owner has an interest in the use of the alley different in kind and degree from that of the public at large which equity will protect as against a wrongdoer. Kaje v. Chicago, St. P. M. & O. Ry. Co. 57 Minn. 422, followed and applied.

Action in the district court for Hennepin county to restrain defendant from obstructing a certain street and alleyway or from further excavating or constructing or maintaining a tunnel or maintaining or operating any cars or other devices in said excavation or tunnel in any way to interfere with the free use of the alley or street as a public highway, and that they be restored to their normal condition. From an order, Steele, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*James C. Melville,* for appellant.
*Julius E. Miner* and *Stevens & Stevens,* for respondent.

BROWN, C. J.
Appeal from an order overruling a general demurrer to plaintiff's

[1] Reported in 149 N. W. 669.

complaint. The facts as disclosed by the complaint, and to some extent explained on the oral argument, are substantially as follows: Twenty-ninth street in the city of Minneapolis extends along blocks 19 and 20 in Windom's addition parallel with the right of way of the Chicago, Milwaukee & St. Paul Railway Co. The railroad tracks have recently been ordered lowered and depressed by the city authorities. The lowering of the tracks has left a high bank along the street, rendering approach to the railroad yards difficult and inconvenient for those in the immediate vicinity having business with the company in the way of freight shipments. Defendant owns and occupies all of block 20 fronting on Twenty-ninth street, and also a part of block 19. Defendant has continuous relations with the railroad company in the matter of shipment and transportation of its commodities, and in the transaction of the same is considerably inconvenienced by the embankment caused by the lowering of the railroad tracks fronting its premises. To overcome this and to aid and facilitate the loading and transfer of such commodities defendant applied to the city council for permission to construct a tunnel under Twenty-ninth street from the railroad right of way to its premises. In response the city council duly enacted an ordinance granting such right. The ordinance provided that defendant might construct and maintain a tunnel under and across the street, the same to be constructed at a point corresponding with the center of block 20. This would bring the tunnel directly opposite an alley extending through the center of block 20 from Twenty-ninth street to Lake street, the latter being a street one block removed from Twenty-ninth street and running parallel therewith. The alley is 12 feet wide and has always been open and in use by the abutting property owners, and the public generally. The ordinance provides that the tunnel should be constructed according to plans approved by the city engineer, and when completed that the street should be by defendant restored to its natural condition. Provision was made also to the effect that defendant should save the city harmless from any and all damages occasioned by the construction of the tunnel, and the city reserved the right to use the tunnel whenever it had occasion to do so. The level of the street at the intersection of the alley is con-

siderably higher than the level of the alley, and the tunnel, if constructed, will leave a high embankment at the point of intersection and wholly obstruct ingress to the alley from that street. The tunnel as proposed also contemplates excavations in and the exclusive use of the alley for a distance of about 100 feet from the street line, for which no authority is granted by the ordinance. Plaintiff is the owner of lots 7 and 8 of block 20, immediately adjoining defendant's premises, upon which he has constructed a flat building, which is occupied by tenants. The lots abut upon the alley, and the construction of the tunnel will wholly prevent access to his property by way of Twenty-ninth street, the obstruction being the high bank occasioned by the tunnel at the intersection of the alley with that street. He brought this action to restrain the construction of the tunnel, and the resulting interference with his right of access to his property, alleging that the acts of defendant in this respect are wrongful, without authority of law and in violation of plaintiff's vested right to the free and uninterrupted use of the alley. The trial court overruled the demurrer and certified that the questions presented are doubtful and defendant appealed.

The only question presented is whether the complaint, in any view of the facts alleged, shows a right in plaintiff to any specific relief. 2 Dunnell, Minn. Dig. § 7549. If it does the demurrer was properly overruled. That the complaint shows such right is clear. It appears that the construction of the tunnel will wholly prevent access to plaintiff's property from Twenty-ninth street, and effectually prevent the use of the alley in connection with that street. That plaintiff has a vested right to the free and unobstructed use of the alley, to and from Twenty-ninth street, cannot well be questioned, and it requires no argument to demonstrate the existence of the same. The construction of the tunnel, leaving as it will a barrier preventing passage onto the street from the alley will interrupt, without authority, that right and plaintiff is entitled to appropriate relief. The injury to plaintiff is continuing, and may be restrained by injunction. Colliton v. Oxborough, 86 Minn. 361, 90 N. W. 793; Baldwin v. Fisher, 110 Minn. 186, 124 N. W. 1094; Chadbourne v. Zilsdorf, 34 Minn. 43, 24 N. W. 308; Horton v. Williams, 99 Mich. 423, 58 N. W. 369; 2 Dun-

nell, Minn. Digest, § 4476. The question is fully discussed in the cases cited, and others therein referred to, and need not be repeated. That plaintiff has a special interest in the free and open way from his property to Twenty-ninth street, and one distinct from that of the general public, is settled and disposed of by the case of Kaje v. Chicago, St. P. M. & O. Ry. Co. 57 Minn. 422, 59 N. W. 493, 47 Am. St. 627. The precise question, here presented, was involved in that case and ruled favorably to the property owner. Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L.R.A.(N.S.) 741, is not in point. That case involved the lawful vacation of the street there in question, and it was held that plaintiff's remedy was an action at law for damages. The alley in the case at bar has not been vacated, nor has the defendant been authorized by the city authorities or otherwise to obstruct the alley leading to plaintiff's property. This differentiates the cases.

In view of this conclusion it becomes unnecessary to consider the validity of the ordinance granting tunnel privileges to defendant. The rights so granted are not here involved, for no authority was there conferred upon defendant beyond the lines of Twenty-ninth street. It does not attempt to authorize an obstruction or an encroachment upon the alley.

Order affirmed.