[S. F. No. 8340.  In Bank.—August 12, 1920.]

EMILIE G. COHEN et al., Appellants, v. CITY OF ALA-
MEDA (a Municipal Corporation), et al., Respondents.

[1] STREET LAW—PROCEEDING UNDER ACT OF 1889—PAYMENT OF COM-
MISSIONERS FROM ASSESSMENT—VALID ASSESSMENT.—Proceedings
for the widening of a street under the Street Opening Act of
March 6, 1889 (Stats. 1889, p. 70), and amendatory acts, are not
void because the commissioners appointed to assess the damages
and benefits are to be compensated from the assessments levied
by them.

[2] ID.—DISTRICT ASSESSMENT — OMISSION OF LAND — VALID ASSESS-
MENT.—In a district assessment the mere failure to assess a lot
of land within the assessment district does not make the assess-
ment void, and the remedy for such an erroneous assessment is by
objection to the city council.

[3] ID.—EXCLUSION OF PUBLIC LANDS FROM ASSESSMENT—POWER OF COUNCIL.—Under section `9 of the Street Opening Act the city council has the power to expressly exclude public property from the assessment where in their judgment the property would not be benefited by the improvement.

[4] ID.—EXTENT OF DISTRICT BENEFITED—DECISION OF COUNCIL CONCLUSIVE.—The decision of the city council determining the extent of the district benefited by the improvement is conclusive except on appeal to that `body.

[5] ID.—DESCRIPTION OF LAND TO BE TAKEN—EXCEPTION OF OPEN WAYS—SUFFICIENT DESCRIPTION.—The sufficiency of the description of the land to be taken in a street widening proceeding contained in the resolution of intention is not impaired by the statement in the resolution of an exception from the description of all lands held by the city or people as open ways.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellants.

Wm. J. Locke for Respondents.

WILBUR, J.—This action was brought to enjoin the sale of the plaintiffs' respective pieces of property for the non-payment of assessments for the widening and extension of Encinal Avenue, in Alameda. The application for an injunction *pendente lite* having been denied, the plaintiffs paid the assessments under protest, and thereupon filed a supplemental complaint for the recovery of the amounts paid. Judgment was rendered for the defendants on demurrer and plaintiffs appeal. The assessments were made by authority of the Street Opening Act of March 6, 1889, as amended in 1909 and 1913. (Stats. 1889, p. 70; Stats. 1909, p. 1034; Stats. 1913, p. 376.)

[1] Appellants claim that the proceedings are void for the reason that three city officers appointed by the city council as commissioners for the assessment of the damages and benefits, to wit, the city clerk, the city auditor, and the city attorney, were disqualified because they were to be paid, as provided by the statute (Stats. 1889, pp. 71, 72, secs. 6, 8), from the assessments levied by them. There is no merit in

this contention.  If appellants' position is sound, it would invalidate every assessment for the purpose of state and county taxes and render impossible the performance of such services except by volunteer officers.  It is contended that this disqualification also results from the vesting in these commissioners of an uncontrolled discretion, if the law be so construed, to exclude or include public property in the assessment of benefits.  But there was no public land within the assessment district, as will be shown in the discussion of the next point.  Appellants claim that the assessment is void for the reason that fourteen pieces of property belonging to the city of Alameda within the exterior boundaries of the assessment district were not assessed for benefits. There are two answers to this proposition:  **[2]**  First. In a district assessment the mere failure to assess a lot of land within the assessment district does not make the assessment void.  The remedy for such an erroneous assessment is by objection to the city council.  (Stats. 1889, p. 73, sec. 14; *Larsen* v. *City and County of San Francisco,* 182 Cal. 1, [186 Pac. 757].)  Second. The city council expressly excluded such lands from the district to be assessed by the following proviso in said description:  ''Saving, excepting and excluding from said district all public streets, avenues, roads, places and parks, and any and all public property within the exterior boundaries of said district of lands hereinbefore specified and described.''  Previous to the enactment of section 9 of the statute, which authorized the commissioners to assess benefits against public lands, the liability of such lands for assessments for benefits accruing thereto by reason of local improvements depended upon the nature and character of the public ownership and the use to which it was applied. (*Witter* v. *Mission School Dist.,* 121 Cal. 350, [66 Am. St. Rep. 33, 53 Pac. 905]; *City Street Imp. Co.* v. *Regents of the University of California,* 153 Cal. 776, [18 L. R. A. (N. S.) 451, 96 Pac. 801]; *Tulare Irr. Dist.* v. *Collins,* 154 Cal. 440, 443, [97 Pac. 1124]; 28 Cyc. 1117, 1118.)  The effect of the statute was to authorize the local authorities to assess public property where, in their judgment, such property would be benefited by the improvement.  **[3]**  If, however, in the judgment of the city authorities such property was not benefited, they might so determine and thus exclude such

property from assessment.  This is, in effect, what was done by the city council.

The statute provides that before ordering the opening or extension of any street the city council shall pass a resolution of intention to do so, describing the opening or extension to be made and the land to be taken, "and specifying the exterior boundaries of the district of lands to be affected or benefited by said work or improvement, and to be assessed to pay the damages, cost, and expenses thereof." (Stats. 1889, p. 70, sec. 2.)  It also provides for notice and a hearing at which any person interested may object to the extent of "the district of lands to be affected or benefited." (Secs. 3, 4 and 5.)  If the objections are sustained, the proceeding terminates.  If they are overruled, it goes forward.  While the statute requires only the "exterior boundaries" of the district to be specified, it is reasonable to hold that if the council finds that any convenient delimitation of such boundaries would include parcels of land that in its opinion would not be benefited or affected by the proposed opening or extension, it could properly qualify the description by excepting such parcels, so that they would not form a part of the district.  The council is empowered to determine the extent of the district benefited.  It should be permitted to describe it accurately by making a proper exception of the land that may be within the fixed outer boundaries, but which are not benefited, in order that the resolution may not be inaccurate or misleading.  Such a description would not make the proceeding void.  The exception herein shown is obviously nothing more than a part of the description of the district, and if the council was of the opinion above referred to, the exception was necessary to make the description accurate.  It must be presumed that it so decided and framed the description accordingly.

[4]  The decision of the city council, determining the extent of the district benefited by the improvement, is conclusive except on appeal to that body.  (*United Real Estate & Trust Co.* v. *Barnes*, 159 Cal. 242, [113 Pac. 167].)  The commission had no power to assess any portion of the benefits upon the public lands thus included within the assessment district.

It is contended that the city council never acquired jurisdiction because of the insufficient description in the resolution

and notice of public work of the land to be taken. This contention is based upon the fact that after describing in great detail a strip of land eighty feet wide which was to constitute the street as widened and opened, the following exception is stated in the resolution and notice: ''Excepting therefrom all lands now held by said city or the people of said state as open ways.'' Proceedings instituted under the same statute here involved were under consideration in *Cohen* v. *City of Alameda*, 124 Cal. 504, [57 Pac. 377]. The description of the land taken in that case was modified by the following words: ''Excepting therefrom all lands now held by said city or the people of said state as open ways.'' It was held that the sufficiency of the description was not impaired by the exception. It was there said: ''If, as a matter of fact, a portion of the land within these boundaries has already been appropriated to public use, or is held by the city or state 'as open ways,' the land deemed necessary to be taken is sufficiently described by designating in the resolution the outer lines of the proposed improvement, without any mention of such open ways, or by excepting the same, without describing the exceptions. In either case the parties to be affected by the proposed improvement are fully notified of every fact necessary for the protection of their interests.'' [5] Although the language of the exception here involved is somewhat different, the principle is the same, and upon the authority of *Cohen* v. *City of Alameda, supra,* it must be held that the description of the land to be taken contained in the resolution and notice is sufficient. The same reasoning would apply with equal force to the sufficiency of the description of the district to be assessed with its exceptions. These exceptions are equally definite.

The judgment is affirmed.

Shaw, J., Lawlor, J., Lennon, J., and Angellotti, C. J. concurred.

OLNEY, J., Concurring.—I concur in the decision and in the opinion of Justice Wilbur, except as to the conclusion that the public lands within the exterior limits of the assessment district were not a part of the district. The assessment district was described by its exterior boundaries followed by an exception reading, ''excluding . . . any and all public

property within the exterior boundaries of the district." It is plain that the fact that lands are public lands, a park, for example, does not affect the matter of their being benefited by the contemplated improvement. The improvement may well benefit the land, although it is public. The statute requires that all lands which will be benefited shall be included within the district, and it necessarily follows, in my judgment, that the city council cannot exclude from the assessment district all lands of a certain character such as lands owned by the public, when such lands are within the exterior limits of the district benefited, and the character or attribute because of which they are attempted to be excluded is one which does not affect the matter of their being benefited or not.

It does not follow, however, that the attempt to exclude such lands from the assessment district invalidates the assessment. The plaintiff was in no wise prejudiced thereby. Under section 9 of the act, it was discretionary with the city council to assess or not to assess public lands within the district. The attempt of the city council to exclude the lands from the district is but an attempt to exercise this discretion at the wrong point in the proceedings. The result, however, is the same as if it had been exercised when it should have been, at the time of making the assessment.

Rehearing denied.

All the Justices concurred.