[Civ. No. 6570. First Appellate District, Division Two.—January 30, 1929.]

THE PEOPLE, Appellant, v. THE CITY OF OAKLAND (a Municipal Corporation) et al., Respondents.

U. S. Webb, Attorney-General, and Forrest M. Pearce for Appellant.

Preston Higgins, City Attorney, Homer W. Buckley, Deputy City Attorney, and Fitzgerald, Abbott & Beardsley for Respondents.

LUCAS, J., *pro tem.*—This is an appeal from a judgment of the superior court of Alameda County declaring valid an ordinance adopted by the city council of Oakland ordering vacated that portion of East Eleventh Street generally described as lying between Twenty-eighth Avenue and Twenty-ninth Avenue.

East Eleventh Street, prior to the closing of that portion thereof lying between Twenty-eighth and Twenty-ninth Avenues pursuant to the judgment of the trial court herein appealed from, extended from Twenty-third Avenue to Twenty-ninth Avenue, a distance of 1958.76 feet. The defendant H. G. Prince & Company, one of the respondents herein, owned all of the property fronting on either side of that part of East Eleventh Street which was ordered vacated by said ordinance as well as the fee to the street itself.

In 1887 the public acquired an easement for a public street over a portion of that part of the street so ordered vacated, and in 1912 acquired a similar easement over the remainder thereof.

On the twenty-sixth day of August, 1920, pursuant to ordinances of its council, the defendant City of Oakland, another respondent herein, for the purpose of extending East Tenth Street and East Ninth Street to Twenty-ninth Avenue, instituted two proceedings in eminent domain against the said H. G. Prince & Company.

On the fourth day of November, 1921, and during the pendency of said proceedings in eminent domain, said H. G. Prince & Company presented to the council of respondent

City of Oakland a written petition in which it requested said council to close up and abandon that portion of said East Eleventh Street involved in this action upon the grounds that three streets, to wit, East Eleventh Street, East Tenth Street, and East Ninth Street, were not required in said locality and hampered the industrial development of said locality, and particularly prevented defendant H. G. Prince & Company from extending and adding to its plant. In said petition it was proposed that if the City of Oakland would close up said portion of East Eleventh Street it (the said H. G. Prince & Company) would convey to the City of Oakland the property described in the above-mentioned eminent domain proceedings and, at its own expense, improve by paving, guttering, sidewalking, and curbing East Ninth Street and East Tenth Street between Twenty-eighth Avenue and Twenty-ninth Avenue, and pave Twenty-eighth Avenue from the southerly line of East Eleventh Street to the northerly line of East Tenth Street, and move the fire hydrants on East Eleventh Street to such locations as might be required by the fire department of the City of Oakland.

Upon its receipt the council referred said petition to the city planning commission. On November 21, 1921, the city planning commission, after a full and complete investigation as to the location of the streets in question, traffic needs, the character of development in the vicinity of said streets and the general character of the surroundings, recommended to the city council the granting of the said petition of H. G. Prince & Company, the closing of said East Eleventh Street and the opening and extension of East Tenth Street and East Ninth Street as proposed.

On November 28, 1921, said city council passed its resolution of intention No. 23066, New Series, entitled ''Resolution of Intention to close up and abandon a portion of East Eleventh Street.'' Thereupon the superintendent of streets of said city posted and published notices in the manner and for the time provided by section 3 of the ''street opening act of 1889,'' and within the time required by section 4 of said act certain interested persons filed a written protest, objecting to said proposed improvement, and to the extent of the district to be affected thereby.

Thereafter several hearings thereon were had before the said city council. The protest was overruled and the said

city council, on March 7, 1922, passed Ordinance 2267, New Series, entitled, "An ordinance ordering the closing up and abandoning of a portion of East 11th street northwesterly of 29th avenue, and authorizing and directing the execution, acknowledgment, and delivery of a deed to the abutting owner, 'and finding and determining that equity requires the conveyance to said abutting owner, and that the compensation therefor is adequate and proper.' "

In and by the terms of said ordinance the council found that public convenience and necessity required the closing of said street, and directed the mayor of said city to execute a deed conveying to said H. G. Prince & Company all the city's right, title, and interest in and to said portion of East Eleventh Street ordered closed and abandoned by said ordinance, and to deliver said deed in escrow to be finally delivered upon the fulfillment by the said H. G. Prince & Company of its promises and agreements.

Action was brought in the name of the People of the State of California by Attorney-General U. S. Webb seeking to enjoin the closing of the portion of East Eleventh Street above referred to, and asking that the action of the city council to that end be declared void.

The trial court upheld the proceedings of the city council, and plaintiff appeals from its judgment.

Counsel for appellant in their opening brief contend that the determination of the Oakland city council that public necessity or convenience required the vacation of a portion of East Eleventh Street is subject to judicial review (citing *People* v. *City of Los Angeles*, 62 Cal. App. 781 [218 Pac. 63]); that courts will look beyond the recitals of an ordinance vacating streets and examine the results and surrounding circumstances, to determine whether or not the purpose of the ordinance is public and therefore within the scope of legislative discretion, or private and therefore without the scope; and that an inspection of the judgment-roll in this case clearly establishes the fact that the vacation of that portion of East Eleventh Street complained of was for no other purpose and with no other result than private gain to said H. G. Prince & Company.

It is true, as contended by appellant, that the determination of a city council that public necessity or convenience requires the vacation of a street or a portion thereof is

subject to judicial review. Were it otherwise, as suggested in *People* v. *City of Los Angeles, supra,* a false recital in a municipal ordinance to the effect that public necessity or convenience required certain legislative action would give validity to an act which would have been invalid had the ordinance recited the truth. Such action would sound in fraud, and fraud and collusion may be inquired into. But, as also stated in the city of Los Angeles case, at page 786: "The authorities are quite uniform that as a general legal proposition, in the absence of fraud or collusion, the decision by the city council of what constitutes public interest or convenience in a matter of the sort here in question (the vacation of a public street) is legislative in character, and that a determination by the city council of such a question is conclusive."

Appellant herein, in conformity with the right of judicial review, brought action in the superior court, and we take it all of the acts and proceedings of the city council were at the time of trial judicially reviewed. This appeal being taken on the judgment-roll alone, there is no evidence before this court, but the findings of fact recite that evidence, oral and documentary, was introduced on behalf of the respective parties and that the cause was duly submitted to the court for its decision. Thereupon the trial court found:

1. "That the adoption of said ordinance vacating said portion of East 11th street was solely because of public necessity and convenience and for the purpose of rearranging the streets in the vicinity to more adequately serve the public needs, necessity and convenience."

2. "That in said closing and abandoning of said portion of East 11th street, and every act and thing done in connection therewith, and incidental thereto, the members of the council of the City of Oakland, and each of them, and every officer, agent and representative of the said City of Oakland acted in good faith, and without any fraud or collusion, or abuse of discretion, and solely for and by reason of the public necessity, interest and convenience."

The findings of the trial court in the city of Los Angeles case, relied upon by plaintiff, are far different, for there the court found: "That neither the public necessity nor

interest nor convenience required the abandonment of such portion of Argyle Avenue, and that the public derived no benefit therefrom'' (p. 791).

It is the law that when an appeal from a judgment is made upon the judgment-roll alone, the scope of appellate review is confined to alleged errors appearing on the face of the judgment-roll. (*Marr* v. *Southern California Gas Co.,* 198 Cal. 278, 282 [245 Pac. 178]; *Neale* v. *Morrow,* 174 Cal. 49 [161 Pac. 1165]; *Miller* v. *Yule,* 80 Cal. App. 618 [252 Pac. 737].)

In such an appeal no question can arise as to the insufficiency of the evidence to support the findings.

This being the law and the trial court herein having found the existence of public necessity and convenience and the non-existence of fraud or collusion, such findings cannot be disturbed.

Since no question can arise as to the sufficiency of the evidence to support the findings and since appellant does not point out any error in the pleadings, and indeed an inspection of the pleadings reveals none, it would appear that the scope of this court's review is limited to a consideration of but one question, namely: Do the findings of fact support the judgment?

In the closing brief of appellant it is contended that they do not, for two reasons: First, because the city council had no power to adopt the ordinance of vacation; and, second, because the findings of fact show legal fraud on their face.

The act (Stats. 1889, p. 70) and the several acts amendatory thereof, under which said portion of East Eleventh Street was vacated, authorize the vacation of a public street only ''whenever the public interest or convenience may require.''

The charter of the City of Oakland (Stats. 1911, p. 1551), section 51, subdivision 50, provides:

''Powers of the Council.

''Sec. 51. Except as herein otherwise expressly provided, the council shall exercise all the general powers now held by or that may hereafter be given to the city under the constitution, or the laws of the state; but only in the manner and under the conditions of this charter, and subject to all the provisions thereof.

"In addition to all such powers, the council, subject to the provisions and restrictions of this charter, shall have power. . . .

"(50) Whenever any street or portion of a street shall be abandoned or closed by ordinance, to convey by deed such street or portion of street so abandoned or closed, to the owners of the lands adjacent thereto in such wise as the council shall deem that equity requires. But the council shall have no power to convey by deed or otherwise without adequate compensation any street or portion of a street which shall have been acquired by the city by deed from any person or persons whatever. And this section shall not be construed as empowering or authorizing the council to close any street or portion thereof merely by the consent of owners of lands adjacent thereto and when the public convenience does not so require."

It thus appears that the city council by statute was empowered to close said portion of East Eleventh Street whenever the public interest or convenience so required, and that the city council, upon said closing, under the charter provision heretofore quoted, was empowered to convey by deed said portion of East Eleventh Street to H. G. Prince & Company, the owner of lands adjacent thereto, in such manner as the council should deem that equity required, providing the City of Oakland received adequate compensation therefor. In fact, the council had no power to make such a conveyance unless the city actually received adequate compensation.

The findings herein conclusively establish that the city council vacated said portion of East Eleventh Street in accordance with the provisions of the Statutes of 1889, page 70, and that the city council, in accordance with the above quoted provision of the Oakland city charter did convey by deed the public easement in said portion of East Eleventh Street so vacated to H. G. Prince & Company, the owner of lands adjacent thereto, for adequate compensation.

Since the city council was empowered by statute to close the street in question and followed strictly the procedure outlined therefor by the general laws, for appellant's contention that the council acted without power to be sound it must be based on the principle that the empowering statute itself is unconstitutional. Yet appellant's counsel point out no

constitutional inhibition against such an enactment, but instead content themselves with arguing that there is a distinction between municipal property of a private nature and that of a public nature—that the street in question was public in nature, impressed with a trust for the use and benefit of the people of the state and under the authorities cannot be alienated by the municipality nor can the legislature authorize or sanction its alienation.

An examination of the authorities cited, however, shows that they are easily distinguishable from the case at bar in this: they either refer to lands originally dedicated to public use by an act of Congress and the state's control over them was therefore limited, or there was no legislative act by the state authorizing alienation.

An attempt is made further to distinguish between lands held in fee by a municipal corporation and those where dedication for a public use has been made of merely an easement therein. We find no justification under the authorities for such a distinction in so far as they are applicable to the facts of this case.

■ The general rule on the question of authority for vacating streets as stated by Mr. Justice Rudkin in *Lockwood* v. *City of Portland*, 288 Fed. 480, seems to be universally upheld: "The following propositions are so firmly established as to require no citation of authority in their support: First, subject to the limitations contained in the Constitution of the United States, and in its own Constitution, the power of a state to vacate public streets within its borders is plenary and absolute; second, this power may be delegated to municipal corporations; and, third, a court of equity cannot review the action of the municipal authorities in the exercise of the power thus delegated in the absence of fraud or a plain abuse of power."

■ It is also the general rule that: "All the streets and public ways of a city, however acquired, are subject to the power of vacation. A power to vacate streets may be exercised whether the public acquired the street to be vacated by condemnation or by dedication." (44 Cor. Jur. 895; 4 McQuillin on Municipal Corporations, 2d ed., p. 263.)

"The legislature may delegate the power to vacate streets to the municipal authorities, and has done so, but the exercise by the local authorities of this power is dependent on

the will and subject to the control of the legislature; and after such power has been committed, the legislature may revoke it in part as well as in whole or, at least under the former constitution, it might without an express revocation, itself exercise the power in any particular instance. This rule applies to streets which have been dedicated to public use, since a street, when dedicated, becomes the property of the whole state, which, by its legislature, can deal with or dispose of it at its pleasure.'' (19 Cal. Jur., pp. 33, 34.)

These rules are apparently recognized by appellant's counsel, for in their final contention that the findings do not support the judgment because legal fraud appears upon their face, it is conceded that the Oakland city charter conferred upon that municipality the power of selling property which had once been used for street purposes, where the city owned the fee, and that in proper cases a municipality has the right to abandon or vacate a public easement in a street.

In this regard, however, it is contended the case at bar is not a proper case because the face of the record shows that the vacation proceedings were for private benefit rather than the public good. To this we cannot agree. The validity and the finality of the findings of public convenience and necessity have already been discussed. The face of the record does not show the purpose to be one of private gain— at most all that can be said is that the private benefit presumably accruing to H. G. Prince & Company was incidental to the public welfare. This does not constitute legal fraud.

''Faithfulness to the public trust reposed in the members of the legislative body will be presumed. So the fact that some private interest may be served incidentally will not invalidate the vacation ordinance.'' (4 McQuillin, *supra,* p. 267.)

''The true rule seems to be that a municipality cannot vacate a street or a part thereof for the sole purpose of benefiting an abutting owner, and that the power to vacate streets cannot be exercised in an arbitrary manner, without regard to the interest and convenience of the public or individual rights; but that the municipality may vacate a street on the petition of an abutter for his benefit where the vacation is also for the benefit of the municipality at large, i. e., where the use to which the vacated part of the

street is to be put is of more benefit to the community than the retention of such land as a way for a street. As to what are public as distinguished from private purposes, an eminent legal author has said: 'The abolition of grade crossings, the construction or improvement of railroad depots and terminals, and the rearrangement of streets to secure a more regular and harmonious system, are public purposes for which the power of vacation may properly be exercised.' '' (4 McQuillin, *supra,* pp. 269, 270.)

In the opinion of the court the foregoing considerations effectually dispose of appellant's contentions.

The judgment appealed from is affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1929.

Waste, C. J., and Shenk, J., dissented.