[Civ. No. 8000. First Appellate District, Division Two.—May 18, 1932.]

MIGUEL ERRO et al., Respondents, v. CITY OF SANTA BARBARA (a Municipal Corporation) et al., Appellants.

J. F. Goux, City Attorney, and Coleman E. Stewart, Deputy City Attorney, for Appellants.

Robertson & Crawford and Ernest D. Wagner for Respondents.

NOURSE, P. J.—The plaintiffs seek by this action to have the proceedings of the city council of the City of Santa Barbara for the opening of an alleyway declared void and to restrain the defendants from taking further proceedings to that end. Plaintiffs had judgment and the defendants appeal upon typewritten transcripts.

The proceedings taken under the Street Opening Act were designed to declare public an existing private alley 20 feet in width and about 315 feet in length, commencing on the northeasterly line of Chapala Street in block 142 and running at right angles northeasterly to the end of lot 21. The complaint alleged; and the trial court found, that all the lands belonging to the plaintiffs and lying northerly and northeasterly of the proposed alley have a perpetual easement or right of way to the existing private alley and that all the other lands included in said assessment district and lying to the south of said alley did not have any right to the use of the existing alley. By a decree of partition in the estate of Orella the Superior Court in Santa Barbara County on October 10, 1914, adjudged the plaintiffs in this action to have an easement and the right to use a certain alley designated as "Caesar alley" appurtenant to the lots therein distributed to the plaintiffs and their predecessor, which alley is found in the proceedings here under review to be a way of the uniform width of 20 feet commencing at Chapala Street and running northeasterly to the end of lot 21 and then north-

erly at the same uniform width to the southerly line of Figueroa Street. After the entry of this decree the owners of lot 12, which is south of said alley, and which is one of the lots included in said assessment district, commenced the construction of a building on said lot and commenced the use of said private alley as a means of ingress to and egress from the rear of the building erected on that lot. The plaintiffs in this proceeding thereupon commenced an action in equity against the owners of lot 12 and by decree of the superior court it was adjudged that these plaintiffs had the sole and exclusive right to the use of said alley and the defendants therein were perpetually restrained from using the same or setting up any claim thereto. It is alleged in the action now before us, and the trial court so found, that immediately following the entry of the latter decree the owners of lot 12, in conjunction with the owners of lots 5, 7 and 11, procured the institution of the proceedings before the city council for the formation of said assessment district and the opening of a portion of this alleyway to public use. (It should here be noted that the street opening proceedings contemplate the opening of that portion of the alleyway which adjoins the properties of the defendants and which are designated as lots 5, 7, and 11 and 12. It does not include that portion of the alley running from Figueroa Street southerly to the rear of lot 21.) When the proceedings were instituted before the city council all the plaintiffs herein, who are the owners of lots fronting on Figueroa Street and running back to the proposed public alley, and the plaintiffs, who are the owners of lots fronting on State Street and running back to that portion of the private alley which runs from Figueroa Street and to the rear of lot 21, joined in protest to the city council stating as grounds of their protest that they were the owners and had the sole right to use the entire alley running from Chapala Street through to Figueroa Street; that the proposed assessment district was confined to the properties of these plaintiffs and to the four lots south of the proposed alley heretofore mentioned; that the proposed assessment district was of no possible public benefit to the protestants, but that the proposed district was for the sole private benefit of the owners of lots 5, 7, 11 and 12. This protest was denied and the proceedings progressed to the filing of a com-

missioner's report wherein and whereby the owners of those lots facing on Figueroa Street and running back to the proposed alley were listed as having an ownership in the land to be taken and were assessed for benefits for the proposed improvement; the owners of all the lots facing on State Street and running back to that portion of the private alleyway which was not taken for public use were listed as having no interest or property in the land taken, but were assessed for benefits for the proposed public improvement and the same action was taken as to the owners of lots 5, 7, 11 and 12.

In the action now under review the trial court found that the proceedings leading to the opening of the public alley were void because they were not instituted for a public purpose, but were instituted solely for the use and benefit of the owners of lots 5, 7, 11 and 12; that none of the property of the plaintiffs in said assessment district could be benefited by the opening of said alley; that the alley could not be used as a thoroughfare except in conjunction with the private alley created by the decree of partition in the Orella estate and assigned to these plaintiffs in private ownership; that all the plaintiffs herein have by the terms of said decree a private alley and a right to use the same over all the premises defined in the proceedings before the city council; and that these proceedings are void as to these plaintiffs because they contemplate the taking of private property for a public purpose without due process of law and without compensation made to the owners of the property to be taken.

On this appeal the appellants raise but two points, first, that the complaint does not state a cause of action, and second, that the evidence is insufficient to support the findings of fact. On the first point they argue that the complaint is insufficient because it fails to allege that the proceedings before the city council were the result of fraud, collusion or a gross abuse of discretion. It is true that the complaint does not use the word "fraud" in any of its allegations, and collusion between the city council and the owners of the lots to be benefited by the proceedings is not alleged in express terms, but it cannot be said that the facts pleaded do not present a case of gross abuse of discretion amounting to legal fraud. If the complaint states a

cause of action in equity for any one of the plaintiffs it is sufficient against a general demurrer.　　We have endeavored to point out in the foregoing statement of facts that the complaint alleged and the trial court found it to be a fact that the owners of all those lots facing on State Street and running back to the portion of the private alleyway which is not proposed to be taken were assessed for benefits for the opening to the public of that portion of the alley which does not adjoin their properties. (Lot 21 excepted.) Thus lot 1, facing on State Street with a width of 21.6 feet on State Street and a depth of 125 feet on Figueroa Street, is assessed for benefits in the opening of the alley which runs from Chapala Street down to the end of lot 21, the nearest portion of the proposed alleyway being more than 100 feet distant from any portion of this lot 1. Lots 16 to 20, inclusive, all facing on State Street, do not adjoin the proposed alleyway and the owners of those lots could have no possible use of the alleyway except through the approach over the portion of the private alley which is not taken in these proceedings. However, it is alleged in this complaint, and found by the trial court, that the owners of all these lots have a perpetual right to the use of the existing alley by reason of the partition decree and this, of course, is a right of property which cannot be taken or damaged without compensation first paid therefor under the express terms of section 14 of article I of the Constitution.　　The case comes squarely within the rule of those cases which hold that when the assessment for a public improvement is so arbitrary and unjust as to work a confiscation of private property it is not a legal assessment, but is in effect a legal fraud upon the owners of private property which is not conclusive upon the court. (*Spring Street Co.* v. *City of Los Angeles,* 170 Cal. 24, 32 [L. R. A. 1918E, 197, 148 Pac. 217] ; *People* v. *City of Los Angeles,* 62 Cal. App. 781, 793 [218 Pac. 63] ; *Swall* v. *County of Los Angeles,* 42 Cal. App. 758, 764 [184 Pac. 406] ; *Federal Const. Co.* v. *Ensign,* 59 Cal. App. 200, 209 [210 Pac. 536] ; *Cutting* v. *Vaughn,* 182 Cal. 151, 156 [187 Pac. 19] ; *Irish* v. *Hahn,* 208 Cal. 339, 347 [66 A. L. R. 1382, 281 Pac. 385].)

It is suggested that the plaintiffs might derive some benefit from the opening of this portion of the alley to the public in that it would enable the police and fire department of the city

to have more ready access to their properties. But though this would be a public use of the existing alley it is nevertheless a use for which the public must pay and there can be no doubt that the private right which all the plaintiffs have to the use of the existing alley is a property right which cannot be taken for the benefit of the public without compensation. In the concurring opinion of Justice Sloss in *Pacific Tel. etc. Co.* v. *Eshleman,* 166 Cal. 640, 699 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119, 1142], it is said: "I think it cannot be doubted that an order, compelling the owner of private property, against his will, to subject that property to the use of the public or of an individual, amounts to a taking of property. For property consists, not of the tangible things, whether realty or chattels, over which dominion is claimed, but of the right to possess or use those things. An order requiring the owner of a house to permit others to occupy and use it, is a taking of that house, although, the legal title remains in the owner." Thus, aside from the technical objections to the complaint which might apply to those plaintiffs whose lots face on Figueroa Street, it cannot be doubted that, in so far as the action covers those plaintiffs whose properties face on State Street and do not adjoin the proposed public alley, the complaint clearly states a cause of action when it shows that the proposed public improvement assesses those properties without any possible benefit to them and without any plan to compensate the owners of those properties for the property taken for the public use.

The second point raised by the appellants is presented by a reprint of all the evidence taken at the trial, followed by a complete copy of the findings made by the trial court. This is followed by the very general statement that the evidence does not support these findings. It is not incumbent upon this court to search a record of this character to determine a point raised in this manner. However, it must be conceded that, irrespective of the rights of the group of plaintiffs first mentioned above, there is sufficient evidence showing that those plaintiffs whose properties face on State Street own a perpetual right to the use of the existing alley and that in the assessment proceedings no compensation is allowed or contemplated to be paid them for taking this property right. Since these owners are assessed

for benefits for the use of their private property without compensation to them for the public use of the same property the proceedings are void as to them and this alone is sufficient to support the judgment.

Judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.