[L. A. No. 17363. In Bank. Dec. 21, 1943.]

ADDIE LILLIAN BEALS, Appellant, v. THE CITY OF
LOS ANGELES et al., Respondents.

382

Chas. Lloyd Clearman and E. H. Delorey for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Francis H. Lindley and William H. Neal, Assistants City Attorney, G. Ellsworth Meyer, Charles F. Reiche, George K.

Whitworth and Alfred H. Driscoll, Deputies City Attorney, and S. B. Robinson, Chief Assistant City Attorney for Department of Water and Power for Respondents.

Robert W. Kenny, Attorney General, Everett W. Mattoon, Deputy Attorney General, C. C. Carleton, Frank B. Durkee, C. R. Montgomery and Robert E. Reed, as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—In this action plaintiff seeks to restrain defendants from closing a public alley pursuant to ordinances enacted by the City of Los Angeles and to have such ordinances declared void. The trial court sustained a general demurrer without leave to amend.

The ordinances were adopted under the Street Opening Act of 1889 (Stats. 1889, p. 70; Deering's Gen. Laws, 1937, Act 8195) and provide for the partial vacation of an alley running in an easterly and westerly direction between Boylston and Corto Streets, which run north and south. Plaintiff's property is located on the corner of First and Corto Streets and abuts upon that portion of the alley which remains open. The closing of the alley shuts off plaintiff's access to Boylston Street by way of the alley but leaves access to Corto Street. Defendants own all of the remaining property within the block adjoining and contiguous to the alley. The Department of Water and Power instituted the proceedings for vacation by petitioning the city council which passed and published an ordinance declaring its intention to vacate a portion of the alley. Plaintiff filed a protest on the grounds that public interest and convenience did not require such vacation. The city council after hearing overruled her objections, and passed a second ordinance ordering the alley closed. This ordinance provided that ''as it appears . . . there are no damages, costs or expenses arising out of said work, and that no assessment is necessary . . . no commissioners are appointed to assess benefits and damages.''

It is alleged that ''defendants, without authority of law and without regard to the rights of this plaintiff, have entered in and upon the said alley and caused an excavation to be made therein of approximately 54 feet length, 10 feet width and 14 feet depth, rendering passage along the same impossible, and plaintiff is informed and believes and therefore alleges the fact to be that the defendants intend to allow said excavation

to remain until the defendants begin the erection of a building in the near future upon the said alley. . . . Plaintiff further alleges that ingress and egress to her property over and on that part of the alley appropriated by the defendants has been destroyed; that the existence of the excavation and the fence around it renders the same impassable; that the contemplated building of the defendants will forever close the said alley; . . .''

In contending that the complaint states a cause of action, plaintiff argues: (1) that she has a sufficient property interest to challenge the vacation of the alley, (2) that the ordinances are void because public interest and convenience did not require the vacation, and that the council's determination with regard thereto was fraudulent, (3) that the ordinances are void because commissioners were not appointed to assess damages, and (4) that since no provision is made for the ascertainment and payment of damages, her property is being taken for a public use without compensation in violation of article I, section 14 of the California Constitution.

Although plaintiff's property does not abut upon the vacated portion of the alley, she is deprived of all access by means of the alley to the next intersecting street to the west, thus leaving the property in a cul-de-sac. This brings plaintiff within the rule announced in *Bacich* v. *Board of Control*, S. F. No. 16832, *ante*, p. 343 [144 P.2d 818]. It was there held that the owner of property abutting upon a public street has a property right or easement of ingress and egress extending in both directions to the next intersecting street.

Defendants urge that an action will not lie for the closing of a street unless access to the abutting owner's property is *entirely* cut off, whereas here the property is a corner lot, abutting upon two streets in addition to the alley. The possibility of access over these adjoining streets, however, is not ground for holding that plaintiff has no property right or easement in the alley, or that it may be taken or damaged without payment of compensation. (*Illinois Central R. Co.* v. *Moriarity*, 135 Tenn. 446 [186 S.W. 1053] ; *Kaje* v. *Chicago, St. P. M. & O. R. Co.*, 57 Minn. 422 [59 N.W. 493, 47 Am.St.Rep. 627] ; *Burton* v. *Freund*, 243 Mich. 679 [220 N.W. 672] ; cf. *Hargro* v. *Hodgdon*, 89 Cal. 623 [26 P. 1106].) The Illinois Central case, which involved a corner lot, held that the owner's ''easement of access extends along any street or

alley upon which his property abuts, in either direction, to the next intersecting street." (186 S.W. at 1055.) In the Kaje case, *supra,* the court noted that an alley is generally used for purposes different from a front entrance. *Symons* v. *City and County of San Francisco,* 115 Cal. 555 [42 P. 913, 47 P. 453], and *Wolff* v. *City of Los Angeles,* 49 Cal. App. 400 [193 P. 862], cited by defendants, do not support their position, because in those cases intersecting streets intervened between the property involved and the obstructions. Defendants rely upon a statement in *Brown* v. *Board of Supervisors,* 124 Cal. 274 [57 P. 82], at p. 281, to the effect that "It has been held in other states that even the entire closing of a street upon which property abuts does not give to the owner a right of compensation, so long as there are other public streets by which he has access to his land. The mere inconvenience thereby experienced is not a damage for which he is entitled to compensation." As pointed out in the Bacich case, *supra,* at page 345, this discussion was unnecessary to the decision in the Brown case. *Hitch* v. *Scholle,* 180 Cal. 467, 469 [181 P. 657], held that a complaint in an action to enjoin the obstruction of a public highway was "vitally defective for the reason that it fails to allege that the highway in question constitutes the only mode of ingress and egress to and from the lands of the plaintiff." Insofar as this language is inconsistent with our decision here it is disapproved. We conclude, therefore, that plaintiff has a sufficient property interest to maintain this action.

Plaintiff next contends that the ordinances are invalid. The Street Opening Act of 1889, under which the proceedings were taken, contemplates the exercise of the powers of eminent domain. (Stats. 1889, p. 70, now Sts. & Hy. Code, §§ 3200, et seq.) It authorizes the city council to order the opening or closing of any street whenever public interest or convenience so require. Provision is made therein for publication of notice of intention to vacate, for filing of protests and hearing thereon, and for the appointment of commissioners to assess benefits and damages. If the owner of property to be taken or damaged refuses to accept the award made by the commissioners, proceedings may be taken for condemnation under the right of eminent domain.

The act of the council in ordering the vacation of a

street is legislative in character and is conclusive both as to the necessity or convenience of the improvement and as to the extent of the district to be benefited thereby. (*Brown* v. *Board of Supervisors,* 124 Cal. 274 [57 P. 82]; *Cohen* v. *City of Alameda,* 183 Cal. 519 [191 P. 1110]; see, also, *People* v. *City of Los Angeles,* 62 Cal.App. 781, 786 [218 P. 63]; 4 McQuillin, Municipal Corporations (2d ed. 1928) p. 285, Id. (1941 supp.) p. 608; 25 Am.Jur. 418.) ▮ The finality of such a legislative determination is subject to an exception, however, where the finding of public convenience and necessity results from fraud or collusion between the city council and private landowners. (*People* v. *City of Los Angeles,* 62 Cal.App. 781, 786 [218 P. 63]; *Erro* v. *City of Santa Barbara,* 123 Cal. App. 508 [11 P.2d 890]; cf. *People* v. *City of Oakland,* 96 Cal. App. 488, 492 [274 P. 438]; *Brydon* v. *City of Hermosa Beach,* 93 Cal.App. 615, 624 [270 P. 255].) ▮ Plaintiff contends that the complaint alleges facts showing fraud and collusion and that she is therefore entitled to a judicial determination of the question of public convenience and necessity. The allegations on this point may be summarized as follows: That the defendant Department of Water and Power operates its business in a proprietary capacity and is to be considered a private corporation; that the vacation of the alley was sought solely by the department which petitioned therefor on the grounds, among others, that a valuable property right of the defendant might be utilized thereby and particularly that permanent buildings might be erected on the land; that the department is the owner of all land abutting the portion of the alley to be closed with the result that it will acquire title to the land abandoned; that the proposed vacation is solely for the benefit of the department; and that public necessity and convenience do not require the closing of the alley, but, on the contrary, require that it remain open. These allegations are not sufficient to show fraud or collusion. The fact that the Department of Water and Power requested the closing and that it was benefited by the vacation does not establish fraud or collusion. (*Brown* v. *Board of Supervisors,* 124 Cal. 274, 282 [57 P. 82]; *People* v. *City of Oakland,* 96 Cal. App. 488 [274 P. 438]; *People* v. *City of San Rafael,* 95 Cal. App. 733, 739 [273 P. 138].) As the court said in *People* v. *City of Oakland, supra,* at p. 497: "The face of the record does not show the purpose to be one of private gain—at most

all that can be said is that the private benefit . . . was incidental to public welfare. This does not constitute legal fraud.'' (See, also, *Poneschil* v. *Hoquiam Sash & Door Co.,* 41 Wash. 303 [83 P. 316]; *Phelps* v. *Stott Realty Co.,* 233 Mich. 486 [207 N.W. 2].) The allegations in this complaint amount to no more than a statement of plaintiff's conclusion that the council erroneously determined that the vacation was required in the interest of the public.

 Plaintiff's contention that the ordinances are invalid because of the failure of the city council to appoint commissioners to ascertain her damages cannot be sustained. The ascertainment and payment of damages under the act is not a jurisdictional prerequisite to the authority of the city council to order work done thereunder and the failure to appoint commissioners could not affect the validity of the ordinances. (*Brown* v. *Board of Supervisors,* 124 Cal. 274 [57 P. 82]; cf. *Bigelow* v. *Ballerino,* 111 Cal. 559, 565 [44 P. 307]; *Curran* v. *Shattuck,* 24 Cal. 427, 434.)

 We agree, however, with plaintiff's contention that the complaint states a cause of action. Closing of the alley results in the taking or damaging of private property for a public use. It is settled that the ascertainment and payment of damages is a condition precedent to the right of a city to do public work which will destroy or damage private property. (*Wilcox* v. *Engebretsen,* 160 Cal. 288 [116 P. 750]; *Geurkink* v. *City of Petaluma,* 112 Cal. 306 [44 P. 570]; *Bigelow* v. *Ballerino,* 111 Cal. 559 [44 P. 307]; *Grigsby* v. *Burtnett,* 31 Cal. 406; see *Duncan* v. *Ramish,* 142 Cal. 686, 694 [76 P. 661].) The obligation to make compensation arises from the constitutional provision that ''Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner . . .'' (Cal. Const., art. I, sec. 14.) In *Bigelow* v. *Ballerino,* 111 Cal. 559, 564 [44 P. 307] which also involved the vacation of an alley, it is stated that, ''The constitutional rights of an owner of private property which is sought to be taken or damaged for public use are two: 1. The right to compensation; and 2. The right to have that compensation made or paid into court before his property is taken or injuriously affected. . . . the property owner may rest secure in the protection which the constitution affords him that his property shall not be taken or damaged without compensa-

tion first made. It is not incumbent upon him to demand that the authorities shall respect his rights; the duty is theirs to work no unlawful invasion of them.'' ▉ Accordingly, where a taking is attempted under the power of eminent domain without any provision being made for compensation an injunction will lie. (*Wilcox* v. *Engebretsen, supra; O'Connor* v. *Southern Pac. R. R. Co.,* 122 Cal. 681 [55 P. 688] ; *Rudel* v. *Los Angeles County,* 118 Cal. 281 [50 P. 400] ; *Geurkink* v. *City of Petaluma, supra; Scott* v. *Dyer,* 54 Cal. 430; *Grigsby* v. *Burtnett, supra; Curran* v. *Shattuck,* 24 Cal. 427; *McCann* v. *Sierra County,* 7 Cal. 121; *Felton Water Co.* v. *Superior Court,* 82 Cal.App. 382 [256 P. 255] ; *Stone* v. *Cordua Irr. Dist.,* 72 Cal.App. 331 [237 P. 554] ; *Marblehead L. Co.* v. *Superior Court,* 60 Cal.App. 644 [213 P. 718] ; *Schaufele* v. *Doyle,* 86 Cal. 107 [24 P. 834] ; see *Duncan* v. *Ramish, supra.*)

▉ The courts may refuse to issue an unqualified injunction where public use has intervened. (*Hillside Water Co.* v. *Los Angeles,* 10 Cal.2d 677 [76 P.2d 681] ; *Peabody* v. *City of Vallejo,* 2 Cal.2d 351 [40 P.2d 486] ; *Collier* v. *Merced Irr. Dist.,* 213 Cal. 554 [2 P.2d 790] ; *Newport* v. *Temescal Water Co.,* 149 Cal. 531 [87 P.372, 6 L.R.A.N.S. 1098] ; *Felton Water Co.* v. *Superior Court,* 82 Cal.App. 382 [256 P. 255].) It is not contended by defendants, however, that the complaint in this case shows on its face that a public use has attached in such a manner as to prevent injunctive relief.

▉ In ordering the closing of the alley, the city council concluded ''it appears . . . there are no damages . . . arising out of said work.'' A property owner cannot, however, be deprived of the constitutional guarantee of compensation and prepayment by the decision of a city council that he is not damaged. (*Wilcox* v. *Engebretsen,* 160 Cal. 288 [116 P. 750].) In the Wilcox case, under a statute similar to the act of 1889, the city council ordered a change of grade of a street upon which plaintiff's property fronted. The council confirmed a report by commissioners that plaintiff would not be damaged by the improvement. In an action brought to restrain the city from proceeding, the court expressly rejected the contention that plaintiff was bound by the report declaring he was not damaged, and concluded that plaintiff was entitled to enjoin the proposed work until his damages had been lawfully ascertained and paid in the manner pre-

scribed by the Constitution. In *Bigelow* v. *Ballerino,* 111 Cal. 559 [44 P. 307], the city council passed an ordinance vacating an alley upon which defendant's property abutted and made no provision for the ascertainment and payment of damages. It was there held that defendant retained the easement of a right of way over all of the land formerly within the alley for the necessary and convenient use of his property and that the vacation or closing was without effect as to the owner until prepayment of compensation. (Cf. *Geurkink* v. *City of Petaluma, supra,* at pp. 309-310; *Schaufele* v. *Doyle, supra,* at p. 109.)

The judgment is reversed.

Shenk, J., and Carter, J., concurred.

SCHAUER, J.—I concur in the judgment, and in the opinion except as to the holding that the allegations of the complaint are insufficient as a basis for proof of fraud and collusion.

EDMONDS, J.—I concur in the judgment for the reasons stated in my concurring opinion in *Bacich* v. *Board of Control, ante,* p. 343 [144 P.2d 818].

TRAYNOR, J.—I dissent for the reasons set forth in my dissenting opinion in *Bacich* v. *Board of Control, ante,* p. 343 [144 P.2d 818].

Respondents' petition for a rehearing was denied January 17, 1944. Edmonds, J., and Traynor, J., voted for a rehearing.