[Civ. No. 14503. Second Dist., Div. One. Jan. 8, 1945.]

BOARD OF LAW LIBRARY TRUSTEES OF THE COUNTY OF LOS ANGELES et al., Respondents, v. J. M. LOWERY, as County Auditor, etc. et al., Appellants.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Gerald G. Kelly, Deputy County Counsel, for Appellants.

Paul Vallée for Respondents.

DRAPEAU, J. pro tem.—In this proceeding in mandamus the only question involved is whether interest earned upon deposits of monies in the law library fund by the County Treasurer of Los Angeles County belongs to the county or to the law library.

The county contends that this interest should go into its general fund because the law library is an integral part of the county. Also that the plaintiff may not prevail because of the equities involved in the case, and in any event mandamus is not the proper remedy.

Respondent law library contends that it is a public corporation, separate and distinct from the county of Los Angeles; that the county treasurer is ex officio treasurer of the law library fund; that the interest on the fund is an accretion thereto and properly belongs to the law library.

The superior court adjudged that the interest should be credited to the law library fund and that a peremptory writ of mandate issue to the Auditor of the County of Los Angeles, commanding him to do so. From this judgment the auditor and treasurer of the county have appealed.

The Deposit Act (Stats. 1933, p. 642, as amended, Act 2834a, Deering's Gen. Laws) provides for deposit of public funds, the interest thereon to be paid quarterly on average daily balances, and that said interest shall belong to "the county, city and county, city, town, municipality *or other public or municipal corporation represented by the officer making such deposit,* except where the law otherwise directs." (§ 2.) (Italics added.)

Law libraries are established pursuant to state law (Bus. & Prof. Code, div. 3, ch. 5). This chapter of the code provides for a board of law library trustees in each county of the state. (§§ 6300 to 6307.)

Section 6320 provides: "(Payment to county treasurer: Law Library fund: Withdrawals.) All money collected for the law library in each county, must be paid into the hands of the treasurer of the county, who must keep the same separate and apart in a fund designated the 'law library fund,' to be expended by the board of law library trustees. Money may be drawn from this fund only as in this chapter provided, and only for the purposes herein authorized.

"(Payment where law library and board of trustees in existence.) Whenever a law library and a board of trustees to govern the same, is in existence under the provisions of any law, other than the law superseded by this chapter, in any county, or city and county, in this State, money so collected shall be paid into the hands of those, and in the manner, provided by such law."

Other sections provide that part of the filing fees paid to the county clerk in civil actions shall be credited to the fund; that the boards of supervisors of the counties may augment the fund by appropriations from county funds. Other sections give the board of law library trustees powers to promulgate rules, to purchase books, to pay salaries, to advance funds, and to do all necessary things to carry on the functions of the law library.

Section 6342 provides: "A board of law library trustees may order the drawing and payment, upon properly authenticated vouchers, duly certified by the president and secretary, of money from out of the law library fund, for any liability or expenditure herein authorized, and generally do all that may be necessary to carry into effect the provisions of this chapter."

Thus it appears that the law library is set up as a separate entity for a public purpose with appropriate powers for its conduct as such, and that the law library fund is a separate fund to be used for the benefit of the law library. This being so the rules laid down in *Pomona City School District* v. *Payne,* 9 Cal.App.2d 510 [50 P.2d 822], are controlling. There it was held that school funds deposited in the county treasury remain the property of the school district, and interest earned thereon belongs to the district.

This view finds support in several definitions by our California courts of public corporations with a separate entity:— The University of California (*Estate of Royer,* 123 Cal. 614 [56 P. 461, 44 L.R.A. 364]); irrigation districts (*In re Madera Irr. Dist.,* 92 Cal. 296 [28 P. 272, 675, 29 Am.St.Rep. 106, 14 L.R.A. 755]); municipal utility districts (*Morrison* v. *Smith Bros., Inc.,* 211 Cal. 36 [293 P. 53]); the metropolitan water district (*City of Pasadena* v. *Chamberlain,* 204 Cal. 653 [269 P. 630]); the toll bridge authority (*California Toll Bridge Authority* v. *Kelly,* 218 Cal. 7 [21 P.2d 425]), and county water districts (*Laguna Beach County Water District* v. *County of Orange,* 30 Cal.App.2d 740 [87 P.2d 46]).

Therefore, in the present case, it is the duty of the county treasurer to credit interest earned by the law library fund to that fund.

So far as the equities of the case are concerned, it may be observed that the whole matter was submitted on stipulated facts. Within these facts is to be found sufficient evidence to sustain the judgment of the superior court.

█ And in such a case as this, mandamus is the proper remedy. (*Long Beach City School District* v. *Payne*, 219 Cal. 598 [28 P.2d 663].)

The judgment is affirmed.

York, P. J., and White, J., concurred.