[Civ. No. 21796. Second Dist., Div. Two. Jan. 18, 1957.]

HAROLD J. OSTLY, as ex officio Clerk of the Superior Court of Los Angeles County, et al., Appellants, v. LEWIS H. SAPER, as Trustee, etc., et al., Respondents.

---

*However, such opinions may be considered in this type of case. See *Dunphy* v. *Dunphy, supra,* 161 Cal. 380, 386.

Harold W. Kennedy, County Counsel, George W. Wakefield, Assistant County Counsel, and A. Thomas Grazer, Deputy County Counsel, for Appellants.

George R. Schmidt, David R. Denny, Gibson, Dunn & Crutcher and Ira C. Powers for Respondents.

ASHBURN, J.—Certain money which was paid into superior court in an interpleader proceeding was deposited by the clerk in the county treasury. While there it earned substantial interest. The question is whether that interest belongs to the persons ultimately held to be owners of the principal amount or to the county of Los Angeles. The county's claim having been rejected, its clerk, treasurer and auditor appeal. The deposit was made pursuant to section 573, Code of Civil Procedure, which says: "Whenever money is paid into or deposited in the court, the same must be delivered to the clerk . . . [who] must, unless otherwise directed by law, deposit such money with the county treasurer, to be held by him subject to the order of the court."

Appellants' claim is that the treasurer rightly commingled these funds with others deposited with him, they became county moneys, and no interest earned thereon may be recovered by anyone except under statutory authority; that existing statutes are not broad enough to cover deposits made by individuals, being limited to "local agencies" as defined in section 53630 Government Code, i.e., county, city, municipality or other public or municipal corporation. As stated in *Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, at page 631 [197 P.2d 543], appellants' "interpretation of the statute in issue results in a windfall to the county, substantially undeserved and unearned."

The ruling herein is governed by that case. Metropolitan Water District had made deposits in condemnation actions as security upon orders for immediate possession. The funds were turned over to the county treasurer, commingled, then deposited in various banks where they earned interest. In due course the moneys were drawn down and paid to the landowners. But the county refused to pay to the water district the earnings which had accrued upon the funds while on deposit. A motion to compel such payment was made and

granted. In rejecting the contention that a separate suit was necessary the court said, at page 622: "We have concluded that moneys deposited with the court as in the nature of security or a *cash bond* in order to gain possession of the subject property in eminent domain proceedings are legally in the custody and within the control of such court and that any interest paid on such moneys by a bank in which they are deposited attaches in ownership to the owner of the moneys and, being in the custody of the court, is, like the principal sum, subject to the court's control. . . . We further conclude that in making the bank deposits, the county treasurer was representing the court and, acting as the court's ex-officio treasurer, was depositing moneys belonging to the water district."

It was further said, at page 626: "All that the court can claim in the funds is the naked security title which it holds for the property owners. The court obtained possession, but it had no right to make use of the funds other than for the limited purpose for which they were deposited; all that it could do, in the absence of default by plaintiff, was hold the funds in safekeeping to be returned to the plaintiff water district when and if it (the district) met all its obligations regarding the land of defendant property owners." At page 627: "To that moment [i.e., making of court order], at least, the moneys *belong* to plaintiff water district and the court acts solely as a trustee or bailee, holding the moneys as the property of the plaintiff water district, without any divestiture of the district's title, with power to 'make some order transmuting the money deposited from security into payment' if the plaintiff should default but bound to return the plaintiff's property if no default occurs. . . . For safekeeping the court is directed to place the money with the county treasurer 'to be held by him subject to the order of the court.' To the county treasurer the court gave only actual custody, bare possession; it had no power to give the treasurer or the county the beneficial title to the money and such money still belongs to the water district (and, in this case, as previously noted, the balance of principal has been repaid)." At page 628: "Respondents contend that in making the deposits in the banks the county treasurer was depositing money which was in the custody of the county, was acting directly as county treasurer, representing the county and its treasury, and, therefore, the interest on funds deposited belonged to the county.

It is clear that the funds were not in the custody of the county as such, for the sums remain subject to the order of the court, and the county treasurer in handling the funds must look to the court for direction; the county treasurer is in effect the treasurer of the court, an ex-officio officer, and holds the money for the court, not for the county. The court, not the county board of supervisors, has control of the money.''

The court then turned its attention to the question of statutory authority for payment of interest, particularly the Depositary Act (of 1933), which is now Government Code, sections 53630-53681. It said, at page 628: ''In the absence of a statute which, in effect, accretes sums to amounts deposited, it is conceded by plaintiff water district that no claim would arise for return of other than the original deposit.'' Section 2 of the Depositary Act (now Gov. Code, § 53647) was quoted to the effect that interest earned on deposited funds shall be paid quarterly into the general fund ''of the county, city and county, city, town, municipality or other public or municipal corporation represented by the officer making such deposit,'' and it was further said (p. 629) : ''The solution of the above question, therefore, resolves itself into a determination of which 'public body' the county treasurer was representing in making the bank deposits under section 1 of the Depositary Act. The two possible contenders are the county and the court (in its representative capacity), who, unfortunately (in the sense that it gives rise to this dispute), have the same official authorized to act as the custodian of funds.'' A school district and a board of law library trustees having been held to fall within the statutory provisions (*Pomona City School Dist.* v. *Payne,* 3 Cal.App.2d 510 [50 P.2d 822] ; *Board of Law Library Trustees* v. *Lowery,* 67 Cal. App.2d 480 [154 P.2d 719]), the court further said, at page 630: ''The appellant water district contends that no sound distinction can be made between funds entrusted to the county treasurer by a school district or the trustees of a law library and funds entrusted to him by a court. This contention appears sound. Aside and separate from his duties as official treasurer for the county, the county treasurer, by legislative direction, is in effect ex-officio treasurer for public bodies without treasurers of their own, including the superior court. In other words, though these public bodies are in their purposes and functions dissimilar, yet their reasons for depositing their funds, or moneys coming into their custody, in the county treasurer's hands, are the same, namely, that none

has a treasurer of its own, and for convenience and safe-keeping the county treasurer has been designated the proper official to care for them. All are directed by statute to so deposit their funds: the court by Code of Civil Procedure, section 573, the school districts by Education Code, sections 5002 and 7517, and the trustees of the library fund by Business and Professions Code, section 6320. It is to be noted that the applicable statute here (Code Civ. Proc., § 573) expressly directs that 'The treasurer must keep each fund distinct, and open an account for each.' We conclude that it is the superior court which in the view of the law holds the entire sum, the principal together with its accretions of interest, as custodian for the water district, and, inasmuch as the object of such retention has ended, the court must return to the water district the entire sum, or any balance thereof, which it may determine remains on hand.''

 This opinion places the superior court on a parity with other depositing "local agencies" just as if it were included in the definition of that term in section 53630. The depositary act and the code (§ 53647) both say that the moneys while in the custody of the county treasurer "shall be deemed to be in the treasury" of the depositing agency, and that interest earned thereon "shall belong to and shall be paid quarterly into the general fund" of the depositing agency. The Metropolitan decision, *supra,* 32 Cal.2d 620, establishes that, as a matter of general law and one of statutory construction, the superior court is in control of the deposited funds and the owner of any interest earned thereon. Of course its ownership is that of a trustee for the person ultimately determined by the court to be entitled to receive the money from it; such determination relates back to the time of the initial deposit of the fund in court.

The Metropolitan ruling appears to be conclusive at bar and effectually disposes of the contention that no one other than one of the public agencies specifically named in section 53630, Government Code, may recover the accretions to moneys deposited through the court with the county treasurer.

The portion of the judgment under appeal is affirmed.

Moore, P. J., and Fox, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 13, 1957.