[L. A. 26339.   In Bank.   Sept. 14, 1961.]

N. E. YOUNGBLOOD, Plaintiff and Respondent, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Defendant and Appellant.

N. E. Youngblood, in pro. per., and Marvin Gross for Plaintiff and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt as Amici Curiae on behalf of Plaintiff and Respondent.

WHITE, J.—This is an appeal by the Los Angeles County Flood Control District from a judgment for the plaintiff, N. E. Youngblood, in an action for damages due to erosion of a portion of plaintiff's residential property.

The action was commenced against the city of Los Angeles, Max Rosenberg and Sons and the flood control district. A judgment for the defendants was entered following the granting of a motion for a nonsuit, but on an appeal that judgment was reversed as to the flood control district only, with instruction that the plaintiff be permitted to amend his complaint on retrial. (*Youngblood* v. *City of Los Angeles* (1958), 160 Cal. App.2d 481 [325 P.2d 587].) The complaint was amended, and with the flood control district as the only defendant, the trial proceeded. Judgment was entered for the plaintiff in the amount of $9,000, with interest in the sum of $5,013.75 running from the date of the damage to the property. The present appeal is from that judgment.

It appears that a natural watercourse, usually dry, adjoins plaintiff's property. The complaint alleges that the defendant had constructed and maintained "a partially completed double pipe and wire revetment in said waterway" some 50 feet downstream from plaintiff's property. It was further alleged in effect and a finding was made in the following language: "It is true that during the rainfall of January 1952, and on or about January 15, 1952, the revetment which was built, man-

aged and maintained by the defendant Los ANGELES COUNTY
FLOOD CONTROL DISTRICT became clogged with debris either in
the revetment channel itself or with debris which accumulated
in front of the revetment and adjacent thereto, and as a
proximate result thereof water was diverted from the natural
waterway and waterflow onto plaintiff's land, causing erosion
and loss of soil; all to plaintiff's damage in the sum of
$9000.00.'' No other allegations of causation, or findings
thereon, were made.

The action herein is one in inverse condemnation predi-
cated on article I, section 14 of the Constitution, which pro-
vides in part that ''Private property shall not be taken *or
damaged* for public use without just compensation. . . .''
(Emphasis added.) (*Bauer* v. *County of Ventura,* 45 Cal.2d
276, 282 [289 P.2d 1].) Basically, the question presented at
the trial of the instant case was whether there had been a
taking or damaging by the defendant public agency such as
entitled the plaintiff to compensation. ▮▮ The defendant
is not absolutely liable, of course, where private lands are
damaged by flood waters, which lands lie along a natural
watercourse within its control. ▮▮ Certainly the defend-
ant is liable for a taking or damaging of land if it constructs
a watercourse for a public purpose in a negligent manner and
such construction is a proximate cause of the property owner's
loss. ▮▮ And where the maintenance or operation of an
improvement was faulty in the sense of a ''failure to appre-
ciate the probability that, functioning as deliberately con-
ceived'' a damaging or appropriation would result, as dis-
tinguished from ''negligence in the routine operation having
no relation to the function of the project as conceived,'' it
has heretofore been held actionable within article I, section 14
of the Constitution. (*Bauer* v. *County of Ventura, supra,* 45
Cal.2d 276, 286; *cf. Muskopf* v. *Corning Hospital Dist.,* 55
Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457].) ▮▮ Also,
when waters are diverted by a public improvement from a
natural watercourse onto adjoining lands the agency is liable
for the damage to or appropriation of such lands where such
diversion was the necessary or probable result even though
no negligence could be attributed to the installation of the
improvement. (*Clement* v. *State Reclamation Board,* 35 Cal.
2d 628 [226 P.2d 897]; *House* v. *Los Angeles County Flood
Control Dist.,* 25 Cal.2d 384 [153 P.2d 950].)

■■ The basis for liability in the foregoing instances is a taking or damaging for a public use by the public agency. (*Bauer* v. *County of Ventura, supra,* 45 Cal.2d 276, 284.) As indicated, the taking or damaging may be deliberate or intentional, or may be done under circumstances wherein the diversion of waters was the natural or probable result of the improvement and could or should have been foreseen. But in any event the taking or damaging must be for the public use and by a public agency to be actionable. Had not the public agency in some manner taken or damaged the property involved then it could not be liable under any theory of the law. ■■ The recent decisions of this court have thus recognized this concept in its declarations that if a property owner would have no cause of action against a private citizen on the same facts, he can have no claim for compensation against the state under section 14. (*People* v. *Symons,* 54 Cal.2d 855, 861 [9 Cal.Rptr. 363, 357 P.2d 451]; *Bauer* v. *County of Ventura, supra,* 45 Cal.2d 276, 283; *Clement* v. *State Reclamation Board, supra,* 35 Cal.2d 628; *House* v. *Los Angeles County Flood Control Dist., supra,* 25 Cal.2d 384; *O'Hara* v. *Los Angeles County Flood etc. Dist.,* 19 Cal.2d 61, 63 [119 P.2d 23]; *Archer* v. *City of Los Angeles,* 19 Cal.2d 19, 24 [119 P.2d 1]; *San Gabriel Valley Country Club* v. *Los Angeles,* 182 Cal. 392 [188 P. 554, 9 A.L.R. 1200]; *Lamb* v. *Reclamation Dist. No. 108,* 73 Cal. 125 [14 P. 625, 2 Am.St. Rep. 775].) ■■ Section 14 "is designed not to create new causes of action but only to give the private property owner a remedy he would not otherwise have against the state for the unlawful dispossession, destruction or damage of his property. The state is therefore not liable under this provision for property damage that is *damnum absque injuria.*" (*Bauer* v. *County of Ventura, supra,* 45 Cal.2d 276, 282-283.)

As heretofore stated, in the instant case a prior judgment was reversed on appeal, and certain language in that opinion of the appellate tribunal is relied upon as establishing that the defendant is liable herein under the pleadings and findings in the instant trial. In the first trial the plaintiff pleaded a cause of action based on liability for the removal of a tree from the watercourse and the subsequent effect of the flood waters on plaintiff's lands. At the close of his case plaintiff sought leave to amend his complaint to predicate liability on the diversion of the flood waters from the natural watercourse, which pleading would then conform to the proof offered by

plaintiff. The denial of this motion was one of the grounds of reversal. As to that ground the reviewing court held: "We have concluded that the removal of the tree is not the event which creates liability (if any there be) upon the Flood Control District. It plainly appears that the waters would have met and, creating a whirlpool, have eaten away plaintiff's land if the tree had not fallen. Upon the facts disclosed by this record the district would be prima facie liable in inverse condemnation because its uncompleted revetment diverted the waters from their natural flow onto plaintiff's land and to its damage. It is immaterial whether the construction of the revetment was negligent or the design defective or well conceived; when it directly caused damage to plaintiff's land the district became liable. This is the doctrine of *Bauer* v. *County of Ventura, supra,* 45 Cal.2d 276, *Ward Concrete Products Co.* v. *Los Angeles County Flood etc. Dist., supra,* 149 Cal.App.2d 840 [309 P.2d 546], and other cases." (*Youngblood* v. *City of Los Angeles,* 160 Cal.App.2d 481, 487 [325 P.2d 587].)

The plaintiff purported to amend his complaint to state a cause of action based upon the law as stated by the District Court of Appeal in its opinion. He alleged specifically in the only allegations causally connecting conduct on the part of defendant to plaintiff's damages:

"IV

"On or about January 15, 1952, there existed a partially completed double pipe and wire revetment in said waterway to a point about 50 feet south of plaintiff's property, which revetment had been engineered and constructed by the defendant Los Angeles County Flood Control District, and was managed, maintained and controlled by said defendant.

"V

"During the rains of January 1952, and on or about January 15, 1952, said revetment became clogged with debris, and as a proximate result thereof water was diverted onto plaintiff's land, causing erosion and loss of soil, all to his damage...."

Consistent with the allegations, and as hereinbefore noted, the trial court found that the revetment "became clogged with debris . . . and as a proximate result thereof water was diverted from the natural waterway and waterflow onto plaintiff's land, causing erosion and loss of soil, all to plaintiff's damage...."

It is manifest that while the applicable law and the opinion of the District Court of Appeal on the prior appeal require some connection between conduct on the part of the defendant and the plaintiff's damage, in the instant case such connection in the amended pleading at the second trial was neither alleged nor found. For aught that appears it was the accumulated debris which diverted the waters, and the debris accumulated for no reason associated with the uncompleted revetment. The defendant, like a private party, would not be liable in the present circumstances for flood damage unless the *uncompleted revetment diverted* the waters from their natural course, or *caused* the debris to accumulate and thereby was responsible for the diversion of the waters. As stated, neither fact is alleged nor found to have occurred.

We cannot concede that the quoted language from the reviewing court's prior opinion can be logically construed to impose strict liability on the defendant, so that regardless of the applicable law the instant pleadings and findings would be sufficient on a theory of the law of the case. The circumstances recited by the District Court of Appeal set the context in which the language is to be construed and neither the circumstances nor the language lend support to a theory of strict liability. Neither do the cases upon which the flood control district relies as establishing the law enunciated purport to impose a strict liability. In *Bauer* v. *County of Ventura, supra,* 45 Cal.2d 276, the actionable cause was conceiving and constructing the improvement in a manner which would probably cause a diversion of water, and in *Ward Concrete Products Co.* v. *Los Angeles County Flood etc. Dist.,* 149 Cal. App.2d 840 [309 P.2d 546], it appears that the defendant flood control district intentionally placed over a storm drain inlet a debris-collecting grating and that the placing of the grating was a part of the construction or maintenance plan adopted in furtherance of the public use. Thus the language in the appellate court's opinion on the prior appeal must be construed in light of the cases to which it made reference, and we do not deem it to have imposed liability on defendant in the absence of an otherwise actionable theory. The rule stated there is applicable where, as there enunciated, the construction of the revetment would necessarily or probably result in the diversion of water onto plaintiff's land. In the absence of pleadings and findings that the revetment, as planned and installed by defendant, would necessarily or probably become

clogged, as the natural channel would not in times of high water, the present judgment cannot be sustained.

Defendant further contends that because damages were unliquidated interest on the judgment should not run except from the date of entry of the judgment. Civil Code, section 3287, at the time of the commencement of the action herein but prior to judgment, provided: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day. . . ." In *Heimann* v. *City of Los Angeles* (1947), 30 Cal.2d 746 [185 P.2d 597], it was held that where, in the construction of a public improvement, private property is taken or damaged entitling an owner to a recovery in inverse condemnation, he is further entitled, as in an action for condemnation, to his interest at the legal rate on the amount of damages suffered and that such interest should be computed from the time of injury, and not merely from time of entry of the judgment. After the decision in the *Heimann* case, section 3287 of the Civil Code was amended in 1959 by the addition of the following language: "This section is applicable to recovery of damages and interest from any such debtor, including the State or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the State." (Stats. 1959, ch. 1735, § 1.)

There is nothing in the amendment which is indicative of any intent on the part of the Legislature to provide a different rule for the running of interest in inverse condemnation than in condemnation cases. The amendment would appear to enlarge, rather than to restrict the recovery of interest for a judgment creditor, to include situations where the named public agencies were judgment debtors whose liability for interest generally had not theretofore existed. (See anno., 24 A.L.R.2d 928, and cases cited at p. 936.) Although section 3287 did not exist in its present form at the time of the decision in the *Heimann* case, it is manifest from the opinion in that case that the court would have rendered the same decision whether or not interest generally accrued on liquidated claims against state and municipal agencies. (See, for instance, quotations at p. 759 from *Taylor* v. *Bay City St. Ry. Co.,* 101 Mich. 140 [59 N.W. 447, 449], and *County of*

*Dallas* v. *Barr* (Tex. Civ. App.) 231 S.W. 453, 456.) ▮ The following observations of the court at page 759 in the *Heimann* case are as applicable now as they were prior to the amendment of section 3287: "In actions instituted by the property owner there is as much reason as in condemnation cases to allow interest prior to judgment where the right of possession of the owner has been infringed. He has been forced to initiate the litigation and, if denied interest, he is deprived to that extent of the full measure of compensation to which the Constitution says he is justly entitled." Accordingly, the plaintiff would be entitled to interest from the date of the damages in any legally authorized judgment for damages in his favor.

▮ The record herein contains substantial evidence which would support a finding, had one been made upon appropriate pleadings, that the uncompleted revetment diverted the flood waters from the natural watercourse to the plaintiff's damage. For that reason it does not appear that a new trial is necessary. For the reasons hereinbefore stated the judgment is reversed and the cause remanded with directions to the court below to entertain a proper motion by plaintiff to amend his complaint to conform to the proof, and thereafter to make findings on the basis of the evidence previously presented and such additional evidence which the court for good cause may permit either party to introduce, as to whether the uncompleted revetment caused plaintiff's damage, and to render its judgment in accordance therewith. (*Cf. Spaulding* v. *Cameron*, 38 Cal.2d 265, 270 [239 P.2d 625]; *McEwen* v. *Taylor*, 106 Cal.App.2d 25, 33 [234 P.2d 754].) The parties will bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.

Appellant's petition for a rehearing was denied October 11, 1961.