[Civ. No. 36155. First Dist., Div. Four. Nov. 13, 1975.]

REDEVELOPMENT AGENCY OF THE CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Respondent, v. MERVYN J. GOODMAN et al., Defendants and Appellants.

[Civ. No. 36433. First Dist., Div. Four. Nov. 13, 1975.]

REDEVELOPMENT AGENCY OF THE CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Respondent, v. MERVYN J. GOODMAN et al., Defendants and Appellants; THOMAS C. SCANLON, as City Treasurer, etc., et al., Real Parties in Interest and Respondents.

426

## COUNSEL

Franklin A. Dill and George DeLew for Defendants and Appellants.

Rogers, Vizzard & Tallett, Thomas F. Vizzard and Henry F. Davis for Plaintiff and Respondent.

Thomas O'Connor, City Attorney, and Daniel E. Collins III, Deputy City Attorney, for Real Parties in Interest and Respondents.

## OPINION

KEANE, J.*—These are combined appeals. In 1 Civil 36155, appellants Mervyn J. Goodman and Leona G. Leibert[1] appeal from the trial court's order denying their motion for an order determining interest on a condemnation judgment rendered against them and in favor of respondent Redevelopment Agency of the City and County of San Francisco (hereafter "respondent agency"). In 1 Civil 36433, appellants appeal from an order denying them recovery of interest actually earned on funds paid into court pursuant to the judgment, which funds were deposited with respondent clerk, respondent treasurer, and respondent controller of the City and County of San Francisco (hereafter "respondent county officials").

Respondent agency is the sole respondent party in 1 Civil 36155, and respondent county officials are the respondent parties in 1 Civil 36433.

Respondent agency obtained a judgment and order of condemnation on November 10, 1970, in which the sum of $320,000 was awarded for the taking of certain real property owned by appellants in San Francisco. A portion of the award amounting to $4,328 was allocated to the claim of another condemnee. The judgment included no provision for interest.

Respondent agency paid the entire amount of the award into court on November 10, 1970. A further sum of $111.20 for appellants' costs was paid into court on November 25, 1970. Respondent clerk, upon receiving these sums on behalf of the court, remitted them to respondent treasurer, who invested them in interest-bearing bank accounts.

---

*Assigned by the Chairman of the Judicial Council.

[1]Leona G. Leibert died in 1971, during the earlier proceedings related to these appeals, and her executors were substituted in her place.

Appellants, meanwhile, contested the condemnation judgment on appeal. They challenged respondent agency's efforts at compliance with applicable federal law, the necessity of the taking, and the adequacy of the compensation. The judgment was affirmed by this court.

In June 1972, while the appeal was still pending, respondent agency applied to the trial court for an order of immediate possession of the subject property pursuant to Code of Civil Procedure section 1254.[2] The order for possession was granted on June 30, 1972, conditioned upon payment into court by respondent agency of a further $50,000 to serve as security for appellants' potential damages and costs. The order was appealed, and possession by respondent agency was stayed by a writ of supersedeas issued by this court on September 13, 1972. Thereafter, the order was affirmed and the writ terminated.

On June 1, 1974, following the affirmance of the judgment of condemnation and the filing of the remittitur, appellants withdrew their award and costs pursuant to the trial court's order of disbursement.

On August 2, 1974, appellants noticed a motion for an order determining interest on the judgment. The trial court's order denying the motion was filed on August 29, 1974, and is the subject of the appeal in 1 Civil 36155.

On October 15, 1974, while the appeal in 1 Civil 36155 was pending, appellants obtained a court order requiring respondent county officials to show cause why interest earned on the funds deposited into court pursuant to the condemnation judgment should not be paid to appel-

---

[2]Code of Civil Procedure section 1254 provides in pertinent part:

"(a) In any case in which the plaintiff is not in possession of the property sought to be condemned, the plaintiff may, at any time after trial and judgment entered or pending an appeal from the judgment and after payment into court for the defendant of the full amount of the judgment and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceeding, apply ex parte for an order authorizing it to take possession of and to use the property sought to be condemned.

"(b) If in the judgment the court determined that the plaintiff is entitled to acquire the property by eminent domain and if the court determines that the plaintiff has made the required payment into court, the court shall by order authorize the plaintiff to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and shall, if necessary, stay all actions and proceedings against the plaintiff on account thereof. The order shall state the date after which the plaintiff is authorized to take possession of the property which date, unless the plaintiff requests a later date, shall be 10 days after the date of the order."

lants. It was contended that the funds, which had been invested in bank accounts by respondent officials, had earned interest at an average rate of 6.15 percent per annum. The trial court issued an order denying appellants' recovery of this interest. This order, filed on December 3, 1974, is the subject of the appeal in 1 Civil 36433.

■ Respondents do not raise the question of appealability of the trial court's orders. However, since this is jurisdictional, the reviewing court must, on its own motion, dismiss a purported appeal from a nonappealable order. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 31, p. 4046.)

■ Code of Civil Procedure section 904.1, subdivision (b) permits an appeal to be taken from an order made after rendition of an appealable judgment. However, it has been held that no such order is appealable unless it somehow affects the judgment by either enforcing it or staying its execution. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 81, p. 4092; 4 Cal.Jur.3d, Appellate Review, § 26, pp. 59-60.) Where the order leaves the judgment intact and neither adds to it nor subtracts from it, the order is not appealable. (*Hixson* v. *Hixson* (1956) 146 Cal.App.2d 204, 206 [303 P.2d 607]; see *Carroll* v. *Civil Service Commission* (1970) 11 Cal.App.3d 727, 733 [90 Cal.Rptr. 128].)

On the other hand, any order relating to the enforcement of a judgment or the refusal to grant such an order is appealable. (*Baum* v. *Baum* (1959) 51 Cal.2d 610, 614-615 [335 P.2d 481]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 82, pp. 4093-4094; 4 Cal.Jur.3d, Appellate Review, § 58, at pp. 98-99.) ■ While this rule has chiefly been applied to orders concerning execution and the like, it may also include an attempt to obtain interest on a judgment. An order relating to an attempt to obtain interest is similar to a post-judgment order determining costs. Such an order is appealable. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 83, p. 4094.)

*Metropolitan Water Dist.* v. *Adams* (1948) 32 Cal.2d 620 [197 P.2d 543], suggests that the orders at issue here are appealable. In that case, a condemning agency paid funds into court pending rendition of condemnation judgments. After the judgments were rendered, the funds were withdrawn by the condemnees. The condemnor then sought recovery of interest earned on the funds while on deposit in the county treasury prior to their withdrawal. The trial court's orders denying recovery were appealed. The orders were reversed, and no consideration was given to the possibility that they might have been nonappealable. (See also

*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.* (1918) 177 Cal. 249, 251 [170 P. 426].)

We conclude that the orders denying interest in the case at bench are appealable.

■ Appellants contend that they have unconstitutionally been deprived of interest on their share of the condemnation award and deposit for costs by the operation of Code of Civil Procedure sections 1255b[3] and 1254, subdivision (f).[4] These statutes, when read together, create the following scheme: A condemnation award begins to draw interest when the judgment is entered; it ceases to do so when the condemnor pays the award and security into court in order to obtain immediate possession of the subject property pursuant to section 1254; the award may not be withdrawn by the condemnee unless he abandons all objections to the condemnation except as to the amount of compensation. Therefore, the condemnee may not appeal on the issue of the condemnor's right to take unless he is willing to sacrifice interest on his award.

Appellants contend that this scheme is unconstitutional in two respects: It denies a condemnee just compensation for the taking of his property and deprives him of due process and equal protection of the law.

The first of these constitutional arguments is premised on the assertion that just compensation, as guaranteed by the federal and state Constitu-

---

[3]Code of Civil Procedure section 1255b provides in pertinent part:

"(a) The compensation and damages awarded in an eminent domain proceeding shall draw legal interest from the earliest of the following dates:

"(1) The date of the entry of judgment.

". . . . . . . . . . . . . . . . . . . . . . .

"(c) The compensation and damages awarded in an eminent domain proceeding shall cease to draw interest on the earliest of the following dates:

". . . . . . . . . . . . . . . . . . . . . . .

"(2) As to any amount paid into court pursuant to Section 1254, the date of such payment."

[4]Code of Civil Procedure section 1254, subdivision (f) provides: "(f) The defendant, who is entitled to the money paid into court for him upon any judgment, shall be entitled to demand and receive the full amount of the judgment at any time thereafter upon obtaining an order therefor from the court. The court, or a judge thereof, upon application by such defendant, shall order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial is granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation."

tions, necessarily includes interest for any period after the rendition of judgment during which the condemnee is prevented from obtaining his award. This generalization is too broad. It is probably correct that interest *is* constitutionally required where necessary to produce an award equivalent to the loss sustained by the condemnee. (See 36 A.L.R.2d, p. 413 et seq.) Ordinarily, such is the case where the condemnee is deprived of possession of the subject property before he receives his award; interest is then necessary as compensation ·for loss of use. (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 567, p. 3867; see *Youngblood* v. *Los Angeles County Flood Control Dist.* (1961) 56 Cal.2d 603, 611-612 [15 Cal.Rptr. 904, 364 P.2d 840].) In the case at bench, however, the fact that appellants have lost interest on their award is due to their own conduct. The amount of the award with costs was deposited into court for appellants' benefit immediately upon rendition of the judgment. It could have been withdrawn at once had they not elected to pursue an appeal. Therefore, they should not be heard to complain that the loss of interest has deprived them of just compensation.

This conclusion is fortified by *Pacific Gas & Electric Co.* v. *Superior Court* (1973) 33 Cal.App.3d 321 [109 Cal.Rptr. 10]. There, the condemnor sought mandamus to compel the superior court to grant an order authorizing immediate possession of the subject properties pursuant to Code of Civil Procedure section 1254 pending conclusion of the landowners' appeals from a judgment of condemnation. The landowners, appearing as real parties in interest, contended that to apply section 1254 in this fashion would deny them just compensation. They argued that since just compensation is not made to a landowner until he can take possession of his award, it is unconstitutional to withhold the award, pursuant to section 1254, subdivision (f), from a landowner who appeals concerning such matters as the necessity of the taking. (*Id.,* at p. 327.) The reviewing court rejected this argument. It interpreted prior authority as supporting the conclusion that just compensation is made when the judgment award is paid into court. That statutory conditions were imposed on the condemnee's right to withdraw the award was thought not to alter this conclusion. (*Id.,* at p. 327.) (See also *Heilbron* v. *Superior Court* (1907) 151 Cal. 271, 275, 277-279 [90 P. 706].)

■ Appellants' next constitutional argument is that to deny them interest on their award because of their election to appeal deprives them of due process and equal protection of the law. This argument is based on the fact that Code of Civil Procedure section 1254 permits the

condemnor to obtain immediate post-judgment possession of the subject property without waiving the right to raise any contention on appeal or to recover any portion of the condemnation award later determined to be excessive. It is contended that this gives the condemnor greater freedom to appeal a condemnation judgment than the condemnee. Cases are cited for the proposition that equal protection and due process are offended by such an arrangement. (*State* v. *Wisconsin-Minnesota Light & Power Co.* (1917) 165 Wis. 430 [162 N.W. 433]; *In re City of Rochester* (1918) 224 N.Y. 386 [121 N.E. 102].)

The right to appeal is of statutory rather than constitutional origin, and hence may be validly subjected to certain conditions. (*Pacific Gas & Electric Co.* v. *Superior Court, supra,* 33 Cal.App.3d 321, 328; see also *Regents of University of California* v. *Morris* (1968) 266 Cal.App.2d 616, 633-635 [72 Cal.Rptr. 406].) It cannot be said that the condition at issue in this case is so arbitrary or without reason as to amount to a denial of due process or equal protection. While it appears that section 1254 gives the condemnor greater freedom to enjoy possession of the subject property pending appeal than the condemnee has to enjoy possession of the award, this discrimination is not irrational in the light of the policy of section 1254, which is to mitigate the delays incident to condemnation proceedings by permitting property to be taken and used for a public use during litigation. (*People* v. *Neider* (1961) 55 Cal.2d 832, 837 [13 Cal.Rptr. 196, 361 P.2d 916].) Moreover, the Legislature could rationally conclude that a condemnee who denies the existence of a right to take should be prevented from making a somewhat inconsistent demand for interest on the award while pursuing his appeal.

Nothing in the two cases cited by appellants contradicts this conclusion. Those cases involved statutes which absolutely denied, rather than merely conditioned, the right of certain condemnees to appeal. No rational basis for those statutes could be found. As demonstrated above, however, such a rational basis can be said to exist in the case at bench.

■■■ As an alternative to the payment of legal interest on the condemnation award, appellants seek recovery of the interest actually earned on their share of the funds paid into court pursuant to the judgment. The trial court's denial of this relief is the subject of the appeal in 1 Civil 36433.

The funds paid into court, upon being received by respondent clerk, were remitted to respondent treasurer for safekeeping. The latter official

deposited the funds in interest-bearing bank accounts which earned interest at an average rate of 6.15 percent per annum between the dates of deposit and withdrawal.

Appellants argue that the investment of the judgment funds by respondent treasurer was governed by the Depository Act (Gov. Code, §§ 53630-53681). A portion of that act, Government Code section 53647, provides: "Interest on all money deposited belongs to, and shall be paid quarterly into the general fund of, the local agency represented by the officer making the deposit, unless otherwise directed by law." Appellants contend that the superior court is a "local agency" within the meaning of this section, and that respondent treasurer "represented" the court when he invested the funds paid into court. Therefore, say appellants, the interest yielded by the funds belonged to the court, but only as trustee for appellants who were the persons ultimately entitled to receive the funds.

In support of their argument, appellants cite *Metropolitan Water Dist. v. Adams, supra,* 32 Cal.2d 620. In that case, the Metropolitan Water District, at the start of proceedings in eminent domain, paid funds into court as security in order to obtain immediate possession of the subject properties. These funds were remitted by the clerk to the county treasurer, who put them into interest-bearing bank accounts. After judgments were rendered and the funds were drawn by the landowners, the water district sought recovery of the interest earned. This relief was denied by the trial court. In reversing, the Supreme Court relied upon general principles concerning the custody of money paid into court, and particularly upon section 2 of the Depository Act (now Gov. Code, § 53647), which then required that interest earned on deposited funds be paid into the general funds "of the county, city and county, city, town, municipality or other public or municipal corporation *represented by the officer making such deposit."* (*Metropolitan Water Dist., supra,* 32 Cal.2d 620, 629.) It was said that the superior court was a "public body" under this section, and that since the court had no treasurer of its own, it was necessarily "represented" by the county treasurer when the latter *invested the funds paid into court (ibid.,* at pp. 629-630). Therefore, it was held, the accretions of interest belonged to the superior court but only as "custodian" for the water district which owned the fund when the interest was earned. (*Ibid.,* at p. 630.) Such a result was said to be necessary in order to prevent the county from obtaining a windfall, "substantially undeserved and unearned." (*Ibid.,* at p. 631.)

The foregoing rationale was also employed in *Ostly* v. *Saper* (1957) 147 Cal.App.2d 671 [305 P.2d 946]. There, the controversy was over interest earned on funds paid into court in an interpleader proceeding and deposited by the clerk in the county treasury. The superior court was held to be a "local agency" within the meaning of the current version of the Depository Act, which agency was "represented" by the county treasurer when the latter invested the sums paid into court. *Metropolitan Water Dist.* v. *Adams, supra,* was relied upon as establishing "as a matter of general law and one of statutory construction, [that] the superior court is in control of the deposited funds and the owner of any interest earned thereon." (*Ostly* v. *Saper, supra,* 147 Cal.App.2d at p. 675.) Further, the court's ownership was described as "that of a trustee for the person ultimately determined by the court to be entitled to receive the money from it." (*Ibid.,* at p. 675.)

The foregoing cases compel the conclusion contended for by appellants. The funds paid into court represented compensation for the taking of appellants' property and an award for costs. The funds could have been withdrawn by appellants at any time, and hence can be considered to have belonged to appellants. Respondent agency has made no claim against respondent officials for the interest earned on them.[5] Thus, the only contestants for the interest are appellants and the city and county. To permit the latter to retain the interest would allow it to obtain an undeserved windfall. Hence, the interest should be paid to appellants.

However, respondent argues that the trial court lacked jurisdiction to grant appellants' requests for interest. It is pointed out that appellants failed to raise the question of their entitlement to interest by objecting to entry of the condemnation judgment without provision for interest or by raising the matter during their appeals from the judgment and order of possession. Those appeals have now been completed, and the condemnation award has been withdrawn from court. Therefore, say respondents, the judgment is final, and appellants should be held "estopped on the basis of jurisdiction" from seeking interest at the present time.

---

[5]In *Metropolitan Water Dist.* v. *Adams, supra,* 32 Cal.2d 620, interest was paid to the condemning agency, and not to the condemnees. However, this was a consequence of the fact that money was then paid into court merely as security before condemnation judgments were rendered. Thus, the funds remained under the ownership of the condemning agency until judgments or appropriate court orders were rendered (*id.;* at p. 627). In the case at bench, on the other hand, funds were paid into court *after* a judgment was rendered. These funds were a tender of the compensation due for the taking of appellants' property. Hence, appellants should be considered the owners of the fund and, therefore, of the accrued interest.

In view of our decision to affirm the trial court's order in 1 Civil 36155, this argument need not concern us as to that appeal.

In 1 Civil 36433, the jurisdictional argument is without merit. Here, appellants seek recovery of interest actually earned on the funds deposited into court. Since the interest was earned on funds within its custody, the court had the power to dispose of it even though a final judgment may have been rendered. Reasoning to this effect appears in *Metropolitan Water Dist.* v. *Adams, supra,* 32 Cal.2d at pages 622-623.

The trial court's order in 1 Civil No. 36155 is affirmed, respondent therein to recover costs on appeal.

The trial court's order in 1 Civil No. 36433 is reversed with directions to enter an order requiring payment to appellants of the interest actually earned on their share of the condemnation award and on their award for costs. Appellants to recover their costs on this appeal.

Rattigan, Acting P. J., Christian, J., concurred.